[No. 10,937.   Department One. — April 30, 1884.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM A. MESS, APPELLANT.

CRIMINAL LAW — PRONOUNCING SENTENCE. — A judgment in a case of felony pronounced less than two days after the rendition of the verdict is valid, where no objection was taken at the time or before the judgment was pronounced.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was sentenced October 27, 1883, and subsequently, November 13, 1883, re-sentenced. The remaining facts appear in the opinion of the court.

*F. A. Hornblower*, for Appellant.

*Attorney-General Marshall*, for Respondent.

Ross, J. — A verdict finding the defendant guilty of the crime of forgery was returned and entered in the Superior Court of the city and county of San Francisco, on the 25th day of October, 1883. The court thereupon appointed October 27, 1883, as the time for pronouncing the sentence of the law; and on the said 27th day of October sentenced the defendant to imprisonment in the State prison at San Quentin for the term of seven years. It is claimed by counsel for appellant that the sentence so imposed was contrary to law in that two days had not elapsed between the rendition of the verdict and the pronouncing of sentence.

Section 1191 of the Penal Code reads: "After a plea or verdict of guilty, or after a verdict against the defendant on the plea of a former conviction or acquittal if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which, in cases of felony, must be at least two days after the verdict, if the court intend to remain in session so long, but if not, then at as remote a time as can reasonably be allowed."

The intention of the "court" is known to the judge only, and there is no mode by which we can say he did not intend to remain in session "so long." It is, perhaps, for this reason

that no exception is allowed by statute to the order fixing the time for sentence. (Pen. Code, §§ 1172, 1173.) No such exception being allowed, the order is not reviewable here. It should be added, however, that there was no objection on the part of the defendant to the shortness of time, when on the 25th of October, the court below appointed the 27th for pronouncing sentence, nor was there any such objection made when on the day appointed the defendant was called for sentence. Had defendant made it appear to the court that the time appointed was less than two days after the rendition of the verdict, and the court intended to remain in session so long, the time for pronouncing sentence would doubtless have been fixed at least two days after the rendition of the verdict.

Our conclusion is that the judgment of October 27, 1883, is a valid judgment, and that the defendant is legally in custody under it. It. results that the proceedings subsequently taken in the Superior Court, looking to a re-sentence of the defendant, were void.

Judgment of October 27, 1883, affirmed, and judgment of November 13, 1883, reversed.

McKEE, J., and McKINSTRY, J., concurred.