[Crim. No. 1842. First Appellate District, Division One.—May 28, 1935.]

THE PEOPLE, Respondent, v. JOHN FLANAGAN et al., Appellants.

John T. McCarthy and J. Bruce Fratis for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants were charged with violations of the Juvenile Court Law in an indictment presented by the grand jury of the city and county of San Francisco. The indictment contained five counts. Appellants pleaded not guilty to the charges, but later at the trial withdrew their former pleas of not guilty as to counts I and III and as to those two counts they plead guilty. Counts II, IV and V were dismissed. The court thereupon sentenced appellants to imprisonment in the county jail for the term of one year on each count, the sentences to run consecutively.

By section 19a of the Penal Code, which was passed in 1933, it is provided in substance that in no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year. It is the contention of appellants that by reason of this section the judgment of the court, sentencing them to imprisonment in the county jail for one year on each count, the sentences to run consecutively, should be reversed. In support of this claim we are cited to the case of *In re Buchanan*, 4 Cal. App. (2d) 269 [40 Pac. (2d) 935], Division Two, Second District Court of Appeal. That case was one on *habeas corpus*, where the applicant sought his release for the reason that he was being held upon sentences under three counts of an information charging the petitioner with the issuance of checks without sufficient funds. He had been sentenced to one year on each count, the sentences to run consecutively, and the same contention was made as is here relied upon. The court held that as petitioner had not been confined for one year at the time he sued out his writ, he was not entitled to the relief sought, and the writ was denied. In the course of the opinion the court expressed the view that petitioner could not, under the circumstances, by reason of section 19a of the Penal Code, be confined for more than a year. That portion of the case, however, was mere *dicta* and the decisions cited in support thereof do not support this conclusion. We do not deem a review of those cases to be necessary. On the same day, Division One of that court handed down an opinion holding directly to the contrary of that of Division Two. (*In re Rozier*, 4 Cal. App. (2d) 250 [40 Pac. (2d) 599].) In that case the court squarely held that it was proper for the trial court to sentence a defendant to one year in the county jail on each of two counts of an information charging second degree burglary, said sentences to run consecutively, as such a judgment was not in conflict with section 19a of the Penal Code. We are of the opinion that the Rozier case states the true rule. Two or more offenses may be charged under separate counts in the same indictment. They are separate and distinct offenses, whether charged in separate counts in an information or indictment containing several counts, or in separate complaints filed at different times, and the punishment is in no manner

affected by this procedure. In each case there are separate offenses for which punishment is to be imposed.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1935.