[Crim. No. 977.   Fourth Dist.   Jan. 14, 1955.]

THE PEOPLE, Respondent, v. PERFECTO MARTINEZ, Appellant.

Perfecto Martinez, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—On February 10, 1948, petitioner was charged and convicted of the crime of vagrancy, to wit, being an idle, lewd and dissolute person. He was ordered confined in the county jail for six months. His alleged propensities were to appear in public in female wearing apparel and to manifest a sexual perverted mental aberration.

On March 12, 1948, there was filed a warrant of apprehension under section 5501 of the Welfare and Institutions Code, alleging him to be a sexual psychopath and that he was a menace to the health and safety of others. A hearing was duly had on the issue presented on March 25, at which time petitioner appeared in person and by his attorney. Evidence was produced by all parties concerned. The hearing resulted in an order confining petitioner in a state hospital until he recovered. Operation of the sentence imposed was suspended.

On April 2, 1952, by order, defendant was returned to the Superior Court of San Bernardino County under the provisions of section 5517, subdivision (c) of the Welfare and Institutions Code, for further proceedings in respect to the claim that he had recovered. Defendant was represented by an attorney. Clinical reports and medical opinions of the hospital staff were received in evidence. The opinion stated that petitioner had not recovered and was still a menace to the health and safety of others and recommended that petitioner be returned. An examination of the facts set forth in the recommendation fully justified this opinion. A judgment and order of recommitment resulted on May 16, 1952.

On January 9, 1953, the court requested of the medical director of the state hospital to again report on petitioner's sexual psychopathic tendencies and on January 26, 1953, an

adverse report was returned indicating that petitioner was still a menace to the health and safety of others. It set forth certain homosexual acts indicating that the report had foundation. The recommendation was made that petitioner be recommitted and that he be placed at Terminal Island Medical Facility. Defendant was present at the hearing. On February 27, 1953, the court made such an order. On April 10, 1953, a similar, but more lengthy hearing was held on a subsequent application, and a recommitment order followed. On April 13, 1954, petitioner, in propria persona, filed a very elaborate "Motion for Court Order" and in it asked the superior court to "make and sign an order" directing his return to that court "for those certain psychopathy proceedings provided for in Chapter 24, sections 5501, 5501.5, 5503, 5503.5, 5504, 5505, 5508, 5510, 5517, 5518, and 5519, of the State Welfare and Institutions Code." Accompanying this written motion was a note that in the event the motion was denied he enclosed therewith a notice of appeal and application for clerk's and reporter's transcripts. A subsequent request was made of the county clerk to notify him if the court granted him a hearing, and the effect of the decision rendered.

From the clerk's transcript it appears that on June 9, 1954, the court signed an order reciting that a motion had been made by petitioner pursuant to section 5519 of the Welfare and Institutions Code, and that such motion is granted, and that the superintendent of the medical facility was ordered to forward his opinion as to whether petitioner had recovered from the sexual psychopathy, and to recommend accordingly, and that after the report was received petitioner "shall be returned to this court, upon order, for hearing as to whether the said PERFECTO MARTINEZ is still a sexual psychopath within the meaning of Chapter IV, Division 6, Part I, of the Welfare and Institutions Code."

On July 15, 1954, the progress report was filed by the medical staff, and clearly indicated the petitioner had not recovered and was still a menace to the health and safety of others. It does not affirmatively appear that defendant was present at any hearing had on such motion, that he was represented by counsel, or that any witnesses were sworn and examined. On July 15, 1954, the court signed an "Order of Recommitment," reciting that upon request of petitioner the court directed the superintendent of the medical facility to forward his opinion and recommendations under subdivisions (a), (b) or (c) of section 5517 of the Welfare and Institu-

tions Code, as to future care and supervision of petitioner; that such report and recommendation was received by the court and accordingly petitioner was recommitted for an indeterminate period, for custodial care and treatment.

█ Apparently, it is from this later order that petitioner appeals. Such an order, having been made after judgment in a special proceeding of a civil nature, has been held to be collateral to a criminal case and appealable. (*Gross* v. *Superior Court,* 42 Cal.2d 816 [270 P.2d 1025]; Code Civ. Proc., § 936; *People* v. *McCracken,* 39 Cal.2d 336 [246 P.2d 913].)

It is petitioner's contention on this appeal (1) that the court erred in denying him a fair and open hearing after granting his motion for such a hearing and ordering the return of petitioner to such court for such hearing; (2) that the court erred in rendering judgment and order without having the petitioner personally present; (3) that the court erred in rendering the judgment without the introduction of evidence in support thereof; (4) that the proceedings had were not authorized by law; and (5) that the provisions of the Welfare and Institutions Code, as applied to such proceedings, are jurisdictional and mandatory, citing *People* v. *Thompson,* 102 Cal.App.2d 183 [227 P.2d 272]; and *People* v. *Neal,* 108 Cal.App.2d 491 [239 P.2d 38].

Petitioner relies principally upon section 5518 of the Welfare and Institutions Code, which provides that if the opinion of the superintendent of the hospital and Director of Mental Hygiene, prescribed in section 5517, is under subdivision (c) of that section, "the committing court shall forthwith order the return of the person to said committing court and shall thereafter cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge."

█ It should be noted that the procedure therein set forth in reference to recommitment proceedings was enacted by Statutes 1949, chapter 1325, section 8, page 2313. Section 5519 was added by Statutes 1st Extra Session 1952, chapter 24, section 12, which prescribed a different procedure in reference to recommitments. We must assume that the procedure therein indicated is the one applicable to petitioner on the date in question. It provides that after a person has been committed for an indeterminate period to the department for placement in a state hospital as a sexual psychopath, the committing court *may,* upon its own motion, or on

motion by or on behalf of the person committed, require the superintendent of the state hospital to forward to the committing court his opinion under subdivision (a), (b), or (c) of section 5517, including therein a report, diagnosis and recommendation concerning the person's future care, supervision, or treatment. It then provides that after receipt of the report, the committing court *may* order the return of the person to the court for a hearing as to whether the person is still a sexual psychopath within the meaning of this chapter. Had the committing court, in the instant proceeding, after receiving the report and recommendation, denied the motion, a different question would here be presented. The word "may," as it is used in that section, should not be construed as a mandatory direction to the court regardless of the sufficiency of the showing. It is merely discretionary. Unless there is an abuse of that discretion the ruling of the court in that regard may not be disturbed on appeal. (*People* v. *Haley,* 46 Cal.App.2d 618, 623 [116 P.2d 498]; *People* v. *McCracken,* 39 Cal.2d 336, 353 [246 P.2d 913]; *People* v. *Barnett,* 27 Cal.2d 649, 656 [166 P.2d 4].)

It appears from the order here entered that the motion of the appellant, as made, for a hearing under the sections here involved, was unqualifiedly granted and that it was ordered that he be returned for such hearing "upon order." Apparently defendant was not present and no witnesses were sworn or examined, and petitioner had no counsel representing him at such hearing, if there was one. Therefore, the order of the court *recommitting* him has no evidentiary support other than the diagnosis and recommendation of the hospital staff.

Section 5519, *supra,* provides that when such a hearing has been ordered that it shall be conducted substantially in accordance with sections 5504 and 5511, inclusive, which sections provide for the calling and examination of witnesses in court, the presence of the defendant at such hearing, and if he has no attorney the judge may appoint an attorney to represent him or the court may order the county public defender to represent him at the hearing if he determines that the person is not financially able to employ counsel.

The judgment of recommitment is reversed and the trial court is directed to proceed with the hearing in conformity with section 5519 of the Welfare and Institutions Code.

Barnard, P. J., and Mussell, J., concurred.