[Civ. No. 21225. Second Dist., Div. Two. Feb. 29, 1956.]

THE PEOPLE, Respondent, v. WALTER GROSS, Appellant.

Walter Gross, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was adjudged a sexual psychopath in 1948. He was committed to the State Hospital at Camarillo from which he escaped only to be returned to the State Hospital in Mendocino County. Pursuant to his application for a redetermination of his condition, under section 5519 of the Welfare and Institutions Code,[1] on December .15, 1952, the court found that he was still a sexual psychopath and ordered him returned to a state mental hospital. Such order is now before this court for review.

At the hearing the court had for consideration the report from the superintendent of the state hospital in which appel-

---

[1] The only code references in this opinion are to the Welfare and Institutions Code.

lant was an inmate pursuant to said section 5519.[2]   Also, it had the report and findings of two physicians appointed by the court pursuant to code section 5504.    Appellant specifically waived personal appearance and testimony of said physicians.   The court's offer to appoint counsel for appellant at the trial having been rejected by him, it found appellant to be still a sexual psychopath and a menace to the health and safety of others, and ordered him committed to the Department of Mental Hygiene at Terminal Island.   As a result of proceedings after he had filed notice of appeal from that order, as to whether appellant had taken an appeal therefrom, it was concluded that his appeal had been duly taken and that the order was appealable.   (*Gross* v. *Superior Court*, 42 Cal.2d 816, 818 [270 P.2d 1025].)   There appears to have been in December, 1952, no difference among medical experts and officials as to the necessity for holding that appellant

---

[2] § 5519. "After a person has been committed for an indeterminate period to the department for placement in a state hospital as a sexual psychopath and has been confined for a period of not less than six months from the date of the order of commitment, the committing court may upon its own motion or on motion by or on behalf of the person committed, require the superintendent of the state hospital to which the person was committed to forward to the committing court, within 30 days, his opinion under (a), (b), or (c) of Section 5517, including therein a report, diagnosis and recommendation concerning the person's future care, supervision, or treatment. After receipt of the report, the committing court may order the return of the person to the court for a hearing as to whether the person is still a sexual psychopath within the meaning of this chapter.

"The hearing shall be conducted substantially in accordance with Sections 5504 to 5511, inclusive. If, after the hearing, the judge finds that the person has not recovered from his sexual psychopathy and is still a menace to the health and safety of others, he shall order the person returned to the Department of Mental Hygiene under the prior order of commitment for an indeterminate period, or, if the opinion of the superintendent of the state hospital was under (c) of Section 5517, he may make and sign an order recommitting the person for an indeterminate period to the Department of Mental Hygiene for placement in a state institution or institutional unit for the care and treatment of such sexual psychopaths designated by the court and provided pursuant to Section 5518. A subsequent hearing may not be held under this section until the person has been confined for an additional period of six months from the date of his return to the department. If the court finds that the person has recovered from his sexual psychopathy to such an extent that he is no longer a menace to the health and safety of others, or that he will not benefit by further care and treatment in the hospital and is not a menace to the health and safety of others, the committing court shall thereafter cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge."

was still a sexual psychopath and that there was little hope for recovery. (*Ibid.*)

On this appeal, appellant contends that (1) the superior court did not have jurisdiction to redetermine his psychopathy and (2) he challenges the order denying his motion to correct the clerk's transcript.

## JURISDICTION

Appellant contends that he should not have been recommitted to a state hospital but that instead the court should have disposed of the criminal charges for which he had been apprehended. He cites *In re Stone*, 87 Cal.App.2d 777 [197 P.2d 847]. It is not pertinent for the reason that it was decided in October, 1948, prior to the reenactment of sectoin 5502.5 in 1949 as section 5517, and prior to the enactment of sections 5518 and 5519. Such statutes altered 5502.5 in such material respects that *In re Stone* no longer is a precedent. Now, appellant contends that the proceedings of December 15, 1952, were invalid for the reason that the new statutes were applied retroactively as to him; that he was subjected to *ex post facto* enforcement of the statutes. He is not correct in such contention. Section 5502.5 at the time appellant's crime was committed, required the superintendent of a state hospital to certify his opinion to the court that committed the psychopath whether the latter had so recovered that he was no longer a menace to others and that if such court had not ordered the defendant returned to await action on the criminal charge he might be paroled for a period not less than five years. Also, it provided that if the superintendent was of the opinion that the psychopath had not recovered and would not benefit from further hospitalization, then he should return the patient to the court for further disposition of the case. Section 5517, the new edition of 5502.5, provides that (a) when, in the superintendent's opinion, the prisoner has recovered to the extent that he is no longer a menace to others or (b) has received as much benefit as possible from treatment and is not a menace to others, or (c) has not recovered and is still a menace to others, such opinion is to be certified to the committing court. Thereupon, the court shall order the prisoner returned to the court if the opinion is certified under (a) or (b) for further action on the criminal charge and the court may grant probation for not less than five years.

But section 5519 provides that (1) after a sex psychopath has been confined in a state hospital for at least six months, the committing court may require the superintendent of the

state hospital to certify under (a), (b) or (c) of 5517; (2) that thereupon the court may hold a hearing to determine whether such prisoner is still a psychopath; (3) that if the judge finds that the prisoner has not recovered from his psychopathy and is still a menace to others, he shall order the prisoner returned to the Department of Mental Hygiene for an indeterminate period under the prior order of commitment; but in the event the opinion of the superintendent shall be under (c) of section 5517, the judge may recommit the prisoner for an indeterminate period to the department for placement in a state institution pursuant to section 5518.

An analogous situation obtained in *In re Cowen,* 27 Cal.2d 637 [166 P.2d 279], in which certiorari was denied by the Federal Supreme Court (329 U.S. 742 [62 S.Ct. 43, 91 L.Ed. 640]). After Cowen had been convicted of robbery, rape and attempted robbery, his term of imprisonment was redetermined by the Adult Authority. The court held that he had no vested right to have his sentences fixed at any period less than the maximum provided by law. Likewise, appellant herein has no vested right to have the committing court disregard the necessity for deriving a careful diagnosis and a sound recommendation to such court. (*People* v. *Albin,* 111 Cal.App.2d 800, 805 [245 P.2d 660].) ■ Every person convicted of sexual psychopathy should understand that the period of his confinement might be no less than the maximum time prescribed for sex offenders plus time spent in mental hospitals. (*People* v. *Gross,* 115 Cal.App.2d 502, 505 [252 P.2d 416].) The reenactment of section 5502.5 as section 5517 and the passage of 5518 and 5519 did not alter the statutes (Pen. Code, §§ 288 and 286) which made his acts criminal. They made no substantial change in section 5502.5 as it stood at the time of appellant's crime. For an offender to be returned to court for "further disposition of his case" as the statute originally read, clearly implied that the court should deal with him, on return, as the merits of his cause might justify. Section 5519 merely goes into detail for the purpose of enabling the courts to enforce the law uniformly. Certainly, no substantial right of appellant was violated by the rearrangement of the code sections after his conviction and before he has been sentenced for his crime. His several proceedings to resist the merciful treatment administered to save him from his weakness do not exhibit an understanding of a State that endeavors to save men for citizenship and away from penal servitude.

## PROCEEDINGS VALID

█ Appellant contends that the proceedings whereby his commitment, December 15, 1952, was adjudged under section 5519 are unconstitutional. The court took extra precautions to protect his rights, even offered to appoint counsel to aid him. But inherently that section is valid in that it prescribes a reasonable method of dealing with a sexual psychopath. (*People* v. *Albin, supra,* 111 Cal.App.2d 800, 803; *In re Keddy,* 105 Cal.App.2d 215, 217 [233 P.2d 159]; *People* v. *Hector,* 104 Cal.App.2d 392, 393-395 [231 P.2d 916].) Also, the United States Supreme Court upheld Minnesota's sexual psychopathy law which is similar to sections 5517, 5518 and 5519. In the Albin case it was held that section 5502.5, made 5517 in 1949, is purely procedural and is constitutional; that it is neither vague, indefinite nor uncertain. In truth, section 5519 merely augments the basic law by affording a sufferer of sexual psychopathy an opportunity to have his condition reinvestigated and readjudicated. He may, after having been confined in a state hospital, move the court for such inquiry. If his motion is granted, proceedings must be had substantially as outlined in sections 5504-5511 which require the examination of witnesses, the presence of the prisoner and the appointment of counsel if he is unable to employ an attorney. (*People* v. *Martinez,* 130 Cal.App.2d 239, 243 [278 P.2d 727].) Appellant asked the court to have his condition redetermined. The motion was granted; the superintendent of the hospital of which he was an inmate was asked to certify his opinion as provided by the section. Such opinion disclosed that appellant was still a sexual psychopath and still a menace to the health and safety of others. A hearing day was fixed when, on appellant's motion, a continuance was granted. When the day of trial arrived, the court appointed two physicians, pursuant to section 5504, to examine appellant and to report their findings to the court. But as above stated, he waived their appearance. Their report was that appellant was still a sexual psychopath and still a menace to society. When appellant was offered the assistance of counsel, he declined and submitted the matter. Basing his decision upon the medical reports and on that of the superintendent of the hospital, the court committed appellant to the Department of Mental Hygiene for replacement at Terminal Island. Having intelligently rejected all courtesies of the court, and having submitted his cause, appellant has no rational cause to complain of the court's order. (*People* v. *Dessauer,* 38 Cal.2d

547, 552 [241 P.2d 238]; certiorari denied, 344 U. S. 858 [73 S.Ct. 96, 97 L.Ed. 66].) No prejudice is shown.

### Assignments of Error

■ Appellant mistakenly assigns as error an "affidavit by the court" purporting to certify appellant for hearing to determine whether the latter was still a sexual psychopath in that the "affidavit" did not allege jurisdictional facts or sufficient facts to constitute a cause of action. What appellant meant to say was that an entry appears in the clerk's minutes to the effect that the court had received a report from the superintendent of the state hospital and that a hearing, as suggested by section 5519, was to be set and it ordered the sheriff to produce appellant before the court November 5, 1952. It had nothing to do with a cause of action except to bring it on for trial as provided by section 5519. The entry was the result of appellant's own motion for a hearing to redetermine the status of his psychopathy.

■ Appellant contends that he was not furnished with a copy of the written charges and with certain sections of the code, other than sections 5504 to 5511 inclusive. His alleged request for the other code sections would have been similar to a man's request for a glass of cool water after he has already on hand a ton of ice and a living spring. Section 5519 requires that a proceeding to ascertain the condition of a prisoner's sexual psychopathy must be conducted in accordance with sections 5504 to 5511 inclusive. (*People* v. *Martinez, supra,* 130 Cal.App.2d 239, 243.) His brief appears to contain all pertinent sections of the Code.

Appellant's contention that the court did not inform him of his rights or afford him a reasonable opportunity to produce witnesses is contrary to the facts that (1) the hearing throughout was in conformance with law and (2) appellant expressed his satisfaction and asked leave to submit his cause. Appellant now declares that no evidence was introduced at the hearing to support the order of December 15, 1952. On the contrary, expert proof was received in addition to the report of the superintendent of the hospital, all of which were considered by the court. The hearing was in conformance with the doctrine of due process of law.

■ Appellant asserts that the court did not follow the steps set forth in section 1200 of the Penal Code with respect to arraignment and judgment. Such provisions do not apply

to a sexual psychopathy hearing which is a civil proceeding, collateral to the criminal case under which appellant was first arraigned. (*Gross* v. *Superior Court,* 42 Cal.2d 816, 820 [270 P.2d 1025].)

■ Appellant misses the point in his complaint that the judgment and commitment for sexual psychopathy does not contain the finding that appellant is still a sexual psychopath or that he has been convicted of a crime. The fact is that the judgment declares that the court finds appellant is a sexual psychopath, and it follows section 5519 which does not require the judgment to recite that appellant has been convicted of a crime.

Appellant complains now of the court's denial of his motion of July 23, 1952. That denial was appealed at that time and the appellate court dismissed the appeal, holding that the proceeding under 5519 in the superior court had been *requested by appellant* after his judgment of conviction of sexual psychopathy had been appealed. (*People* v. *Gross,* 115 Cal.App. 2d 502, 504 [252 P.2d 416].) The fact that the superior court could have proceeded on its own motion does not mar the significance of appellant's act in requesting that court to act. (*People* v. *Martinez, supra,* 130 Cal.App.2d 239, 242.) Appellant's sexual psychopathy was found again by the superior court in accordance with section 5519. There is no substantial basis for appellant's attack upon the order.

### CLERK'S TRANSCRIPT

■ For the second time[3] appellant complains that the clerk's transcript is inaccurate; that he had moved for augmentation; that the recitals on page 109 of such transcript do not accord with the reporter's transcript of December 15, 1952. A comparison discloses that the latter contains the judgment and commitment for his psychopathy. Appellant contends that he has been deprived of an opportunity to present the matter on appeal. Rule 12 of Rules on Appeal provides that "if any material part of the record is incorrect in any respect . . . the reviewing court on suggestion of any party or on its own motion, may direct that it be corrected." Now, it was appellant's task to show that a *material* part of the record was incorrect in order to obtain a correction thereof. On his failure to make such showing, neither this court

---

[3]He moved to correct the transcript in the trial court and appealed from the denial of his motion. Such order was not appealable. (*People* v. *Gross,* 44 Cal.2d 859 [285 P.2d 630].)

nor the superior court abused its discretion in denying the motion. (*People* v. *Lang,* 114 Cal.App.2d 14, 17 [249 P.2d 343].)

Order affirmed.

Fox, J., and Ashburn, J., concurred.

A petition for a rehearing was denied March 27, 1956. Appellant's petition for a hearing by the Supreme Court was denied March 28, 1956, and his second petition for a hearing by the Supreme Court was denied April 25, 1956.