[Crim. No. 1272. Fourth Dist. Aug. 1, 1960.]

THE PEOPLE, Respondent, v. JOEL CLAYMEN BLUME, Appellant.

Eugene V. McPherson and Gladys Towles Root for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Clara E. Kauffman, Deputy Attorney General, for Respondent.

COUGHLIN, J.—In March of 1953 the defendant pleaded guilty to four counts of contributing to the delinquency of a minor, a misdemeanor. (Welf. & Inst. Code, § 702.) Upon suggestion by his attorney that he was an alleged sexual psychopath, the court forthwith adjourned the criminal proceedings and ordered an examination and hearing to determine the issue of sexual psychopathy. The hearing was held accordingly, and on April 14 of the same year the court found the defendant to be a sexual psychopath; ordered his commit-

ment to the Department of Mental Hygiene at Norwalk State Hospital for observation and diagnosis for a period of 90 days; and suspended all criminal proceedings until further order of the court. This action was taken pursuant to the provisions of section 5512 of the Welfare and Institutions Code.

In due course the superintendent of Norwalk State Hospital filed his report with the court recommending an indeterminate commitment to that hospital. At the defendant's request, the hearing on this matter was continued from time to time, and he was released to the custody of a minister on a probationary basis. These continuances covered a period of two years, and terminated on May 24, 1955, when the defendant was taken into custody. On June 14, 1955, the hearing proceeded and the defendant was committed to Atascadero State Hospital as a sexual psychopath for an indeterminate period. On July 18, 1956, the superintendent of that hospital filed a report pursuant to section 5517 of the Welfare and Institutions Code advising that the defendant would not benefit from any further care and treatment at the hospital; that he was not a menace to the health and safety of others; and recommending that he be given probation. Thereupon the defendant was returned to the court; made an application for probation; was committed to the county jail for a period of one year on each of the four counts of contributing to the delinquency of a minor, to run consecutively; was granted probation for a period of two years on each count, but not to exceed a total of five years; and execution of the judgment of imprisonment was stayed accordingly.

A little over two years later, i.e., December 9, 1958, after an appropriate hearing at which it appeared that the defendant had been apprehended by other counties in the state for sex crimes, the court made an order suspending the defendant's probation and committed him to Atascadero State Hospital under an indeterminate commitment as a violator of the terms of his probation, and as a sexual psychopath, pursuant to section 5518 of the Welfare and Institutions Code.

On June 3, 1959, the defendant moved the court, under section 5519 of the Welfare and Institutions Code, that he be released from the hospital. Thereupon the court authorized the superintendent of Atascadero State Hospital to make a report on the defendant pursuant to the provisions of section 5517 of that code. The superintendent made such a report; advised that the defendant had not recovered from his sexual psychopathy and was still a menace to the health and safety

of others; and recommended that he be sentenced for his original offense.

Thereafter, at a hearing on July 7, 1959, the court found that the defendant was a sexual psychopath and a menace to the health and safety of others; ordered that he be imprisoned in the state prison for the offense of contributing to the delinquency of a minor, a misdemeanor; and set "aside any sentences or rulings or orders heretofore made in the case which would stand in the way of his presently being sentenced." Preliminarily the defendant had moved that he be given a hearing and a jury trial on the issue of his sexual psychopathy. This motion was denied.

The next day, i.e., July 8, 1959, the defendant filed a notice of appeal from this judgment and the orders denying his motion.

On July 14, 1959, the defendant again appeared before the court which made an order revoking his probation; setting aside the commitment to the state prison; terminating the stay of execution upon the prior judgment of imprisonment in the county jail; committing him to the county jail pursuant to said prior judgment; and remanded him to the custody of the sheriff.

It was stipulated that the last orders might be included in the notice of appeal filed on July 8, and that both appeals would be consolidated for hearing.

The defendant contends that when he filed his notice of appeal from the July 7th judgment of imprisonment in the state prison, the trial court was divested of jurisdiction to thereafter "re-sentence" him to the county jail. The fallacy of this contention is that the trial court did not resentence the defendant to the county jail but, rather, set aside the judgment of imprisonment in the state prison and ordered execution of the prior judgment of imprisonment in the county jail. An appeal removes the subject matter thereof from the jurisdiction of the trial court. (*Gantner* v. *Gantner*, 38 Cal.2d 691, 692 [242 P.2d 329]; *People* v. *Sonoqui*, 1 Cal.2d 364, 367 [35 P.2d 123]; *People* v. *Owens*, 71 Cal.App.2d 831, 833 [164 P.2d 28].) However, this rule does not preclude the trial court from vacating a judgment which is void upon the face of the record. (*Pacific Hardware & Steel Co.* v. *Chcim*, 169 Cal.App.2d 339, 343 [337 P.2d 508]; *Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638, 641-642 [239 P.2d 650]; *Macmillan Petroleum Corp.* v. *Griffin*, 99 Cal.App.2d 523, 533 [222 P.2d 69]; *Fallon* v. *Superior*

*Court,* 33 Cal.App.2d 48, 51 [90 P.2d 858].) The
July 7, 1959, judgment of imprisonment in the state prison
was void because of the previous final judgment of August
16, 1956, directing imprisonment in the county jail. (*People*
v. *McAllister,* 15 Cal.2d 519, 526 [102 P.2d 1072]; *Barry* v.
*Superior Court,* 91 Cal. 486 [27 P. 763]; *People* v. *Mess,*
65 Cal. 174, 175 [3 P. 670]; *In re Sullivan,* 3 Cal.App. 193
[84 P. 781].) The action of the trial court in setting aside
the void judgment of July 7, 1959, was proper. The appeal
from that judgment presents a moot question and should be
dismissed. (*Agnew* v. *Superior Court,* 118 Cal.App.2d 230,
233 [257 P.2d 661]; *Ikuta* v. *Ikuta,* 114 Cal.App.2d 108 [249
P.2d 584]; *M. H. Golden Const. Co.* v. *El Centro Properties,
Inc.,* 112 Cal.App.2d 435, 441 [246 P.2d 942].) Under the
circumstances the defendant's July 8th notice of appeal did
not preclude the trial court from proceeding to enforce the
prior judgment of imprisonment in the county jail.

 The defendant further contends that he was entitled
to a hearing and a jury trial upon the matters presented by
the final report of the superintendent of Atascadero State
Hospital. Pursuant to the request filed by the defendant on
June 3, 1959, the trial court "authorized" the aforesaid
superintendent to submit a report in the premises "pursuant
to the provisions of Section 5517 of the Welfare and Institu-
tions Code." Thereupon the superintendent certified that
the defendant had not recovered from his sexual psychopathy
and that he was a person who still was a menace to the health
and safety of others, and recommended that he be sentenced
for his original offense rather than recommitted for treat-
ment as a sexual psychopath.

Section 5519 of the Welfare and Institutions Code provides
that the "committing court," on its own motion or on motion
of the person committed, may require the superintendent of
the state hospital to which such person was committed to
make a report on the latter's condition as prescribed by said
section 5517. The latter section designates three possible
classifications for such a person, i.e., (a) that he has recovered
from his sexual psychopathy to such an extent that in the
opinion of the superintendent he no longer is a menace to the
health and safety of others, or (b) that he has been treated to
such an extent that he will not benefit by any further care
and treatment and is not a menace to the health and safety
of others, or (c) that he has not recovered and in the opinion
of the superintendent is still a menace to the health and safety
of others. The defendant was placed in the latter class by the

aforesaid report of the superintendent. Section 5517 of the Welfare and Institutions Code also provides:

"If the opinion so certified is under (a) or (b), the committing court shall forthwith order the return of the person to said committing court and shall thereafter cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge."

In similar manner, section 5518 of the same code provides: "If the opinion so certified is under subdivision (c) of Section 5517, the committing court shall forthwith order the return of the person to said committing court and shall thereafter cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge."

However, section 5517, which deals with those persons classified as (a) or (b), directs the court in which the criminal charge was tried to resume the proceedings and authorizes that court to place the subject person on probation, whereas section 5518, although directing the court in which the criminal charge was tried to resume proceedings, further provides that such court "after considering all the evidence before it shall impose sentence or make such other disposition of the case as the court may deem necessary and proper; provided, that *said* court, if satisfied that the person has not recovered from his sexual psychopathy and is still a menace to the health and safety of others *may* recertify the person to the Superior Court of the County. If said court after hearing makes a finding that the person is still a sexual psychopath and is still a menace to the health and safety of others, it shall make an order recommitting the person for an indeterminate period to the Department of Mental Hygiene for placement in a state institution or institutional unit for the care and treatment of such sexual psychopaths designated by the court. At such hearing or hearings, the person shall be entitled to present witnesses in his own behalf, to be represented by counsel and to cross-examine any witnesses who testify against him." (Emphasis added.)

Section 5519 of the Welfare and Institutions Code permits the court on its own motion or on motion of the subject person to require the superintendent of the state hospital to file a report, and provides that, after the filing of this report, ". . . the committing court *may* order the return of the person to the court for a hearing as to whether the person is still a sexual psychopath . . ." (Emphasis added.)

This section of the code further provides: ''The hearing shall be conducted substantially in accordance with Sections 5504 to 5511, inclusive. If, after the hearing, the judge finds that the person has not recovered from his sexual psychopathy and is still a menace to the health and safety of others, he shall order the person returned to the Department of Mental Hygiene under the prior order of commitment for an indeterminate period, or, if the opinion of the superintendent of the state hospital was under (c) of Section 5517, he *may* make and sign an order recommitting the person for an indeterminate period to the Department of Mental Hygiene . . .'' (Emphasis added.)

The defendant's contention that he was entitled to a further sexual psychopathy hearing is based upon his interpretation of the latter provisions. However, the court which tried him on the criminal charge did not ''recertify'' him to the superior court for further consideration as a sexual psychopath pursuant to section 5518. Neither did the court making the order directing the superintendent to file a report as requested by the defendant under section 5519, direct that he be returned for a hearing as to whether he was still a sexual psychopath. As heretofore noted, the order only ''authorized'' the superintendent to make a report ''pursuant to the provisions of Section 5517.'' Section 5518 expressly provides that the court which tried the defendant ''*may* recertify'' him to the superior court for consideration as an alleged sexual psychopath and requires a hearing precedent to any recommitment. Section 5519 also authorizes the court to permit such further consideration and, similar to section 5518, requires a hearing before the subject person may be recommitted as a sexual psychopath. Neither requires the court to extend to such a person further consideration as an alleged sexual psychopath. The granting of a further hearing on the issue of the defendant's sexual psychopathic condition was a matter within the discretion of the court. (*People* v. *Martinez,* 130 Cal.App.2d 239, 243 [278 P.2d 727] ; *People* v. *Gross,* 139 Cal.App.2d 607, 610 [294 P.2d 88].)

Further, it should be noted, that even though a defendant is certified for further consideration as a sexual psychopath under section 5519, if he has been placed in class (c) by the hospital superintendent the matter of recommitment to the Department of Mental Hygiene also is discretionary. This fact confirms the conclusion that, in proceedings pursuant to said section, the matter of a further sexual psychopathy hear-

ing involving a person classified under (c) of section 5517 lies within the discretion of the court.

Whether the report before the committing court is filed at the instance of the superintendent of the state hospital under the authority conferred by section 5517, or is filed upon order of the court under the authority of section 5519, is not a factor controlling the disposition of the criminal proceedings under consideration. The primary purpose of section 5519 is to confer upon the court the discretion to grant a hearing on the issue as to whether a defendant is still a sexual psychopath. If such a hearing is granted, certain procedures are prescribed as conditions precedent to a valid hospital recommitment. (*People* v. *Martinez,* 130 Cal.App.2d 239, 243 [278 P.2d 727].) However, the statute does not prohibit the court from proceeding with the criminal action, as provided in section 5518, without first conducting a hearing to determine whether the defendant *may* be recommitted to the state hospital. (*People* v. *Elliott,* 158 Cal.App.2d 623, 628-629 [322 P.2d 1029]; *People* v. *Wells,* 112 Cal.App.2d 672 [246 P.2d 1023].)

The defendant cites the case of *People* v. *Thompson,* 102 Cal. App.2d 183 [227 P.2d 272] in support of his position. The decision in that case is not controlling as it was based on the provisions of section 5518 prior to its amendment in 1951, which were materially different from those in the present statute.

 The defendant further contends that the court was not authorized to order execution of the judgment of imprisonment on the first count in the complaint because his term of probation as to that count had expired. On August 16, 1956, the defendant was sentenced to imprisonment in the county jail for one year on each of four counts; the sentences to run consecutively. Thereupon probation was granted "for a period of two years on each count but not to exceed a total probationary period of five years." On December 9, 1958, the court suspended the defendant's probation and on July 14, 1959, revoked his probation. Revocation of probation must be exercised within the term of probation. (Pen. Code, § 1203.3; *People* v. *Williams,* 24 Cal.2d 848, 852 [151 P.2d 244].)

 Section 1203a of the Penal Code authorizes suspending execution of the sentence imposed and granting of probation in misdemeanor cases for a period not to exceed three years "provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during

which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced.'' The judgment in the case at bar, imposing a county jail sentence of four years, i.e., one year on each of four counts to run consecutively, was proper. (*People* v. *Carr,* 6 Cal.2d 227 [57 P.2d 489]; *People* v. *Flanagan,* 7 Cal.App.2d 214 [45 P.2d 1032].) A judgment ordering misdemeanor sentences on several counts to run consecutively is a single ''sentence of imprisonment'' within the meaning of Penal Code, section 1203a, and a court is without authority to impose ''a series of separate and consecutive periods of probation.'' (*Fayad* v. *Superior Court,* 153 Cal.App.2d 79, 83-84 [313 P.2d 669].) Therefore, the judgment in question, for probation purposes, must be interpreted as imposing upon the defendant a sentence of four years and a probationary term for at least a like period of time. The attempt of the court to divide the probationary term into several periods was ineffective. As the order of revocation was made within the four year period, it was valid.

The appeal from the July 7, 1959, judgment of imprisonment in the state prison is dismissed. The order of July 14, 1959, revoking defendant's probation and committing him to the county jail in execution of the judgment of imprisonment theretofore imposed upon him and the other orders appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred.