Filed 9/5/25  Sarkissian v. Darbinian CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SILVA SARKISSIAN,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ARGAM DARBINIAN,<br><br>　　　Defendant and Appellant. | B339461<br><br>(Los Angeles County Super. Ct. No. 22STFL01352) |

APPEAL from a judgment and post-judgment order of the Superior Court of Los Angeles County, Michelle L. Kazadi, Judge. Affirmed.

Argam Darbinian, in pro. per., for Defendant and Appellant.

Silva Sarkissian, in pro. per., for Plaintiff and Respondent.

* * * * * *

The family court entered a judgment dissolving the marriage of Silva Sarkissian (wife) and Argam Darbinian (husband), awarding wife sole physical and legal custody of the couple's child, ordering husband to pay child support, dividing the couple's assets, and awarding wife attorney fees and costs (partly based on need and partly as a sanction against husband). In his appeal, husband attacks the judgment on myriad grounds and goes on to accuse the family court of bias for ruling against him. Husband has waived his arguments by providing a deficient brief and a deficient record on appeal. Of the arguments we are able to discern and to evaluate against the record properly before us, none has merit. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts[1]

Husband and wife married in September 2003. Throughout their marriage, husband physically abused wife as if she were "his punching bag." On countless occasions, he pushed, slapped or choked her. He was also verbally and emotionally abusive, threatening to kill wife, telling her she needs to be "disciplined," and calling her derogatory names like "whore," "scum" and "worthless bitch." Husband also threatened to burn down the home of wife's mother.

---

[1] Although husband appears to contest certain factual findings made by the trial court, the record on appeal does not include transcripts of the testimony provided by the witnesses at trial in this case. We accordingly draw the facts stated herein from wife's declarations in the record and from the trial court's findings of fact following the trial.

Husband and wife have one child born in March 2019. The child has been exposed to husband's abuse of wife. Husband once violently grabbed and twisted wife's arm while she was holding the child, causing wife to almost drop the child. Husband also slapped wife in front of the child and kicked the child's toys into wife's body, scaring the child.

On February 6, 2022, upon discovering that wife had taken the child's social security card and passport and fearing that she was preparing to leave him, husband told wife that he would "end" or "finish" her.

## II. Procedural Background

### A. *Petition for dissolution and request for domestic violence restraining order*

Two days after the February 2022 incident, wife filed a petition for dissolution as well as a request for a domestic violence restraining order in light of husband's physical abuse and "unstable" behavior.

The family court issued a three-year restraining order protecting wife, the child, and wife's mother from husband. In addition to requiring husband not to contact wife directly except to address authorized visitation, the restraining order granted wife sole legal and physical custody of the child and permitted husband supervised visits for three hours every Sunday.

Husband paid the restraining order no heed. He violated its terms multiple times by "incessantly" harassing wife in an effort to manipulate her into staying married to him. Indeed, just two days after the family court issued the restraining order, husband followed wife in his car as she drove away from a shopping center with the child, nearly running her off the road. He also sent wife hundreds of unsolicited text messages and

3

repeatedly called her. In July 2022, husband's cousin called wife and left her a voicemail message claiming that husband was "suicidal"; a friend of husband's also told wife that husband would commit suicide if they did not reconcile. Husband was arrested in August 2022 for violating the restraining order.

**B.** *Request for order modifying visitation*

On December 28, 2022, husband filed a request to modify the visitation portion of the restraining order to increase his time with the child and to remove the requirement that his visits be professionally monitored. Wife opposed the request; after a hearing, the family court denied the request based on its finding that it was not in "the best interest of the child" to modify the current visitation order.

**C.** *Trial and judgment*

Husband and wife proceeded to a marital dissolution trial held over the course of three days in October and November 2023, where the court considered the issues of child custody and visitation, child and spousal support,[2] the division of assets and assignment of debts, and attorney fees and sanctions. The record on appeal does not contain a reporter's transcript setting forth the testimony of the six witnesses at trial: Indeed, the first and third trial days were not reported at all, and husband did not provide the transcript from the morning of the reported, second day of trial when there was testimony; the only transcript

---

[2] The parties had stipulated that beginning on May 15, 2022 and pending trial, husband was required to pay wife "guideline child support" in the amount of $1,118 per month, as well as temporary spousal support in the amount of $184 per month.

4

husband provided is from the afternoon of that day, when no witnesses testified.

At the conclusion of the second day of trial, the couple reached an agreement on the distribution of certain assets and the assignment of some debts, and the family court made orders consistent with that agreement.  At the conclusion of the third day of trial, the family court ruled on the disposition of the couple's remaining assets, awarded wife $23,000 in needs-based attorney fees (subject to offsets against wife's use of community property), and imposed $3,840 in sanctions-based attorney fees against husband.[3]  The court dissolved the couple's marriage and took the issues of custody, visitation, and support under submission.

The next day, the family court issued a further written ruling as follows:

--      *Child custody*.  After finding wife's testimony that husband had abused wife and had threatened suicide if she did not take him back to be "credibl[e]," the court applied the statutory presumption against granting joint custody of a child to a parent who has committed acts of domestic violence and then found that husband had "failed to present evidence" to rebut the presumption.  The court further found that husband's "behavior in court"—including having "multiple outbursts" evincing an inability to control his emotions and a penchant for "making disparaging remarks" about wife and her counsel—raised

---

[3]      The court also awarded wife $1,410 in attorney fees under Family Code section 1101, subdivision (g) based on husband's breach of fiduciary duty in withdrawing funds from the couple's 401(k) account and taking a loan against another 401(k) account. Husband does not appear to challenge that award on appeal.

concerns over the child's "health, safety and welfare" if left in husband's care unmonitored.

      --     *Child support*. The family court ordered that husband shall pay "guideline child support" to wife in the amount of $1,236 per month.

      --     *Spousal support*. The family court denied wife's request for spousal support.

Wife's counsel was ordered to prepare a judgment of dissolution reflecting the court's orders, but husband refused to execute the judgment. Instead, he filed a 22-page letter to the court pointing out his "disagree[ments]" with the proposed judgment, prompting wife to move for sanctions due to his noncooperation.

On April 29, 2024, "[f]inding no colorable objection" by husband to wife's proposed judgment, the family court entered that judgment; the next month, the court awarded wife $1,200 in sanctions for husband's noncooperation in executing the judgment.

### D. *Appeal*

Husband timely filed a notice of appeal from the judgment of dissolution and the post-judgment sanctions order.[4]

## DISCUSSION

Husband challenges various aspects of the judgment of dissolution as well as the court's post-judgment sanctions order.

---

[4] We deny wife's motion to augment the record with various filings and orders that post-date husband's appeal, as they are not relevant to our resolution of the arguments he asserts on appeal.

## I. Waiver

As a threshold matter, husband has waived these arguments on appeal for two reasons. First and foremost, he has provided an incomplete record; the most critical deficiency is the absence of any reporter's transcripts for any witness's testimony or any settled statement in lieu of a reporter's transcript, which renders it impossible for us, as a reviewing court, to evaluate whether husband has rebutted the presumption of correctness that attaches to the family court's fact-based findings he attacks on appeal. (Cal. Rules of Court, rule 8.120(b); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.) Second, husband's brief itself unsurprisingly lacks any citations to the record, leaving it to us to sort through the record to evaluate the merits of his arguments. (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253 [appellant waives argument unsupported by "citations to the record"]; Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).) Each deficiency constitutes a forfeiture of arguments on appeal, including if the appellant is a self-represented litigant. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record'"]; *Neilsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 [appellant must "support arguments with appropriate citations to the material facts in the record," and if an appellant "fails to do so, the argument is forfeited"]; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 (*Kobayashi*) ["Pro. per.

litigants are held to the same standards as attorneys"]; see Cal. Rules of Court, rule 8.204(e).)

After briefing was completed in this appeal, husband filed numerous motions seeking to augment, supplement, or correct the record with various filings he asserts were improperly omitted from the clerk's transcript. Although this court denied most of husband's motions, two motions were deferred to this panel for a ruling—namely, husband's (1) "motion for certification" of the record, filed on July 28, 2025, and (2) "petition for writ of mandate and/or prohibition to compel certification or correction" of the record, filed on July 31, 2025 and accompanied by over 2,000 pages of exhibits.[5]

We deny the "petition for writ" and the motion for certification for three reasons. First, we are without jurisdiction to decide husband's "petition for writ" because the petition seeks to compel *this* court—rather than an "inferior tribunal"—to perform an ostensibly ministerial act of augmenting or certifying the record. (Code Civ. Proc., § 1085, subd. (a); *Senior & Disability Action v. Weber* (2021) 62 Cal.App.5th 357, 364.) Second, both the "petition for writ" and the motion for certification are untimely. (See Advisory Com. com., Cal. Rules of Court, rule 8.155 ["Whether the motion [to augment] is made within a reasonable time and is not for the purpose of delay . . . are among the factors the reviewing court may consider in ruling on such a motion"]; Ct. App. Second Dist., Local Rules, rule 2(b) ["Appellant should file requests for augmentation in one motion

_____

[5] Husband also sought to file other "notices"—such as his pronouncement that he may pursue relief from other courts—but those notices are improper filings and are not pertinent to our analysis in this case.

8

within 40 days of the filing of the record . . . .  Thereafter, motions to augment will not be granted except upon a showing of good cause for the delay"]; *Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 464 [appellant was "estopped" from seeking correction or certification of record by delaying to complain of omissions in transcript].)  The record in this case was filed on February 14, 2025, husband's opening brief was filed on April 10, 2025, and wife's respondent's brief was filed on May 12, 2025.  Husband has proffered no reason for waiting four months after the record was filed, two months after filing his opening brief—and, critically, until after wife filed her brief—to request augmentation or correction of the record on appeal.  Third, both the "petition for writ" and the motion for certification lack merit.  Augmentation or correction of a record on appeal is warranted only if the items to be added to the record are "material" to the pending appeal.  (E.g., *People v. Gross* (1956) 139 Cal.App.2d 607, 614-615, italics omitted; see also *Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1 [denying augmentation where documents "are not relevant" to issue in appeal].)  Most of the documents husband wants us to consider— namely, wife's mandatory settlement conference statement, husband's trial brief, and the trial exhibit list—are immaterial to our review of the dissolution judgment and the post-judgment sanctions order before us in this appeal.  Other documents husband wants us to consider—namely, husband's post-trial motions to vacate and for sanctions—were filed *after* the notice of appeal giving rise to this case and are accordingly outside the scope of this appeal.  And while husband focuses on the exhibits at trial being "critical" to our resolution of his appeal, those

9

exhibits are not material because, as noted above, the record does not contain any of the trial testimony about those exhibits.

Husband resists this conclusion. Contrary to what husband asserts, California Rules of Court, rule 8.155 does not confer an absolute right of the parties to augment or correct the record with any items at any time. What is more, the cases husband cites in his filings that purport to affirm such a right are fictitious, the language he quotes from those cases is made up, or both. Although courts try to be as accommodating as possible to self-represented litigants, those litigants remain bound by the procedural rules governing appeals. Thus, husband's status as a self-represented litigant does not permit us to ignore the untimeliness of his motion and writ petition. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Kobayashi, supra*, 175 Cal.App.4th at p. 543.) Lastly, requiring husband to adhere to the rules governing appeals does not violate due process.

For the sake of completeness, however, we will endeavor to evaluate husband's arguments on their merits as best we can.

## II. The Merits

Husband's appeal levels what boil down to four arguments.

First, husband levels various challenges to the portion of the family court's judgment awarding wife full custody of the child and imposing what he terms a "restrictive visitation schedule." To begin, husband argues that the family court's reliance on the statutory presumption against joint custody for a parent who commits domestic violence was erroneous because wife's trial testimony regarding that violence was "unsubstantiated," "false," and "baseless." The court did not abuse its discretion in relying on Family Code section 3044's presumption because the court expressly found credible wife's

10

trial testimony that husband had committed domestic violence against her, because that presumption is mandatory unless rebutted (Fam. Code, § 3044, subd. (a); *Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 195-196), and because husband did not present evidence to rebut that presumption. Our review for an abuse of discretion precludes us from reweighing wife's credibility (*Jennifer K. v. Shane K.* (2020) 47 Cal.App.5th 558, 577-579), and the absence of an adequate record on appeal means we cannot conclude that the family court's other findings were unsupported by substantial evidence (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 189). Next, husband argues that the family court's custody ruling was infected by the improper admission of hearsay—namely, the voicemail message from husband's cousin stating that husband was suicidal because wife left him. The absence of a transcript makes it impossible to determine whether husband made a timely hearsay objection (Evid. Code, § 353), whether husband's cousin (who testified at trial) independently recounted what defendant had said to him (thereby eliminating any hearsay objection), or whether the admission of this evidence was prejudicial.[6]

Second, husband attacks on multiple grounds the portion of the dissolution judgment requiring him to pay child support.[7]

---

[6]     Husband repeatedly asserts that wife manipulated the voicemail message and also falsified court orders, but these assertions are unsupported by anything in the record.

[7]     To the extent husband's arguments suggest the family court erred in awarding wife spousal support, those arguments lack merit because it is undisputed that wife was not awarded any spousal support in the judgment.

11

For starters, husband asserts that the amount of monthly child support is "inflated" because it is based on wife's "materially false and misleading financial disclosures," which husband claims did not include her other "potential" sources of income.[8]  This assertion lacks merit:  The family court awarded the "guideline" amount of child support, the guideline amount of support is "presumptively correct in all cases" (Fam. Code, §§ 4053, subd. (k), 4057, subd. (a)), and the record on appeal does not support husband's claims that wife's income or assets that the court plugged into the guideline's formula were incorrect (*S.P. v. F.G.* (2016) 4 Cal.App.5th 921, 929, 934).[9]  Next, husband argues that the family court erred in rejecting his multiple post-appeal motions that purported to present "newly discovered evidence" of wife's fraud in concealing assets from the court and in not complying with her discovery obligations; but, as noted above, husband only appealed *the judgment* and not these post-judgment rulings he mentions in his briefs.  (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"]; *In re Josiah Z.* (2005) 36 Cal.4th 664, 676 ["an appellate court should not consider postjudgment evidence going to the merits of

---

[8]     Husband appears to also argue that he could not challenge wife's financial disclosures because she failed to comply with his requests for financial discovery, but there are no discovery-related motions or rulings in the record from which husband could be appealing.

[9]     Husband does not otherwise argue that the guideline amount "would be unjust or inappropriate" in this case.  (Fam. Code, § 4057, subd. (b).)

an appeal and introduced for the purposes of attacking the trial court's judgment"].)

Third, husband attacks the sanctions awards against him, claiming they lack "proper justification." Family Code section 271 authorizes an award of attorney fees and costs as a "sanction" against a party who engages in "conduct . . . [that] frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (Fam. Code, § 271, subd. (a); *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316.) It is not clear from husband's brief whether he challenges (1) the portion of the judgment of dissolution awarding wife $3,840 in sanctions, or (2) the post-judgment order awarding wife $1,200 in sanctions, but neither award was an abuse of discretion. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225-1226; *Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, 783-784.) The $3,840 award represents the attorney fees and costs wife incurred to attend a mandatory settlement conference ordered by the family court in which husband refused to participate. The $1,200 award represents a portion of the attorney fees wife incurred as a result of husband's adamant refusal to execute the judgment of dissolution after trial.[10] Husband's conduct in each instance supports the sanctions awards under Family Code section 271 because his lack of cooperation "frustrat[ed] settlement" and "increase[ed] the cost of the litigation." (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1153; *Tharp*, at p. 1317; *In re*

---

[10] Wife had requested a higher amount—namely, $1,800—in sanctions-based attorney fees.

13

*Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177 ["Family law litigants who flout that policy . . . are subject to the imposition of attorneys' fees and costs as a sanction"].)

Fourth and lastly,[11] husband repeatedly accuses the family court of bias against him based on its adverse rulings, including in granting wife a continuance but not him. A party's dissatisfaction with a court's rulings is not enough to establish impermissible bias. (*People v. Guerra* (2006) 37 Cal.4th 106, 1112, overruled on another ground by *People v. Rundle* (2008) 43 Cal.4th 76, 151; *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674.)

## DISPOSITION

The judgment of dissolution and post-judgment sanctions order are affirmed.[12] Wife is entitled to her costs on appeal.

---

[11] Husband also asks us to stay the judgment and sanctions orders pending appeal, to refer wife for criminal investigation, to order a full forensic audit of wife's finances, to reserve husband's right to seek further legal action, to conduct a "full audit" of the family court's handling of the case, and to re-assign this matter to another trial court judge. We decline to stay the judgment or order because we have concluded they are not erroneous; husband's remaining requests are either outside our purview or improper.

[12] While this matter was under submission following oral argument on August 5, 2025, husband filed on August 13, 2025 a "Notice of Bankruptcy Filing and Automatic Stay" indicating that he filed for Chapter 7 bankruptcy. These appellate proceedings are exempt from the automatic bankruptcy stay set forth in 11 U.S.C. 362(a)(1). Husband's appeal challenges the family court's (1) April 29, 2024, judgment of dissolution, including (a) the child custody order based on husband's domestic violence against Silva Sarkissian, (b) the child support order, and (c) the award of

14

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, P.J.
HOFFSTADT


We concur:



_____, J.
BAKER



_____, J.
KIM (D.)

---

needs-based and sanctions-based attorney fees for wife; and (2) May 28, 2024, order imposing sanctions against husband for his refusal to execute the judgment of dissolution.  The exemptions to the stay set forth in 11 U.S.C. § 362(b)(2)(A)(ii)-(iv) and 11 U.S.C. § 362(b)(4) apply, and render the stay inapplicable.  (See *Webb v. Webb* (2017) 12 Cal.App.5th 876, 882, fn. 9; *Eden v. Robert A. Chapski, Ltd.* (7th Cir. 2005) 405 F.3d 582, 586-587; *Leonard v. RDLG, LLC* (E.D. Tenn. 2015) 529 B.R. 239, 246-247; *In re Chaban* (E.D. Mich. 2015) 2015 U.S. Dist. LEXIS 112191.)