[Crim. No. 4206.   Second Dist., Div. Three.   July 2, 1948.]

THE PEOPLE, Respondent, v. LUCILLE M. KUHLMAN et al., Defendants; HELEN VIRGINIA CABELL, Appellant.

Chotiner & Chotiner and Leland E. Zeman for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD, J.—Defendant Cabell pleaded guilty to a charge of violation of section 337a, subdivision 2, of the Penal Code, a felony, which offense is commonly known as "bookmaking." On February 25, 1947, she was sentenced to imprisonment in the county jail for six months, execution of sentence was suspended, and she was granted probation for the period of three years upon condition that she pay a fine of $1,000. On

March 17, 1947, the terms of probation were modified to permit defendant to pay the fine at the rate of $50 a month. On September 22, 1947, the court, in the presence of defendant, made an order revoking the order granting probation, for the reason that defendant had failed to make payments on the fine. Defendant appeals from that order.

Appellant's contention, that the fine of $1,000 is in excess of the maximum fine which the court had the power to impose as a condition of probation herein, is sustained. Section 337a of the Penal Code prescribes that the punishment for violation of that section is imprisonment of not less than 30 days and not exceeding one year. That section does not prescribe a fine as punishment. Section 672 of the Penal Code, however, provides as follows: ''Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding two hundred dollars, in addition to the imprisonment prescribed.'' Section 1203.1 of the Penal Code provides, in part, as follows: ''The court . . . in the order granting probation and as a condition thereof . . . may fine the defendant in such sum not to exceed the maximum fine provided by law in such case. . . .'' That section 1203.1 also provides that the court, in granting probation ''may impose and require any or all of the above mentioned terms of imprisonment, fine and conditions and other reasonable conditions. . . .'' The court, therefore, had the power to impose a fine as a condition of probation, but the amount of a fine which may be so imposed, for violation of section 337a, is prescribed by section 672 and may not exceed $200.

Appellant also contends, in effect, that the condition of probation, whereby she was fined $1,000, was void, and that her failure to make the payments thereon as directed was not, therefore, a violation of probation. Such contention is not sustainable. The fine, as a condition of probation, was valid to the extent of $200. At the time probation was revoked, the following statements were made: ''The Court: Why haven't you kept up these payments? The Defendant: I haven't the money. The Court: I was told at the time we modified the order that you could make the payment of $50.00 a month. The Defendant: That was with the understanding that the party I worked for was to pay it. The Court: I

don't know of any understanding, all we know was that you agreed to make the payments.'' It does not appear that she made any payment, and it is not contended by appellant that she paid $200 or that she paid any amount. It appears from the statement of appellant, at the time probation was revoked, that she never intended to pay any part of the fine, and it appears, on the contrary, that she was depending on some other bookmaker to pay it. The appellant failed to make the payments on the valid portion of the fine, and thereby violated a condition of probation.

▮ Appellant's further contention, that the order revoking probation was arbitrary and without just cause, is not sustained. ▮ There is no finality to an order granting probation, and the imposition of a fine as a condition of probation is not a judgment imposing a fine. (*In re Martin*, 82 Cal.App.2d 16, 22 [185 P.2d 645]; *In re Goetz*, 46 Cal.App.2d 848, 851 [117 P.2d 47].) ▮ Section 1203.2 of the Penal Code provides that ''at any time during the probationary period'' the court is authorized to revoke an order for probation if there is reason to believe from the report of the probation officer, or otherwise, that the defendant has violated the terms of his probation. ''The discretion of the court to revoke an order of probation is 'very broad.' '' (*People* v. *Silverman*, 33 Cal.App.2d 1, 5 [92 P.2d 507].) As above shown, it appears that appellant did not intend to comply with the condition imposed.

The order is affirmed.

McComb, J. assigned, concurred.

SHINN, Acting P. J.—I dissent. I agree with what is said in the main opinion with the exception of the conclusion, which is erroneous and unsupported by the reasoning of the opinion. Certainly the fine was good to the extent of $200, and the holding that it was not entirely void is unassailable. It would follow, as a matter of course, that since appellant has not paid $200 of the fine she would not be entitled to be released on probation by order of this court, which appears to be the only question considered by my associates. But she does not seek her release; she seeks only a reversal of the order revoking probation, which would return the matter for reconsideration. The opinion does not reach the real question, namely, whether under all the circumstances, and in

the interest of justice, the matter of probation should be reconsidered by the trial judge. It is too clear to me to admit of argument that justice can be served in no other manner.

The amount of the fine was fixed at $1,000 after appellant's attorney had explained to the court that it is customary for bookmaker employers to pay the fines, as well as the attorneys' fees, of their employees. Appellant, her attorney, and also the judge understood that appellant could not pay the fine herself. The attorney asked for and was granted time to arrange for the payment of the fine by the employer. Everyone understood that a fine of $1,000 would be legal. The judge understood so when he revoked the order of probation. Appellant had two comrades who might have been expected to assist her, namely, her bookmaker employer and her husband. While the price set upon the lady's liberty would seem to have been beyond the stretch of the chivalry or financial ability, or both, of these two gentlemen, it may be that they only considered the odds to be unattractive and that a fine of $200 would have been paid. Be that as it may, appellant now faces a six months' term in jail for failure to pay an excessive fine, without having had an opportunity to retain her liberty by paying a legal fine. The trial judge believed her to be entitled to probation. Inability or unwillingness to pay a $200 fine cannot be assumed from the failure to pay a fine of $1,000. Appellant therefore stands on the threshold of the jail by reason of a judicial error. It is due to the able trial judge that he be given an opportunity to correct this error, and I am confident that no one would more readily or willingly correct a mistake that threatened to work an injustice. I can see nothing but injustice in sending appellant to jail because of her failure to pay an excessive fine, without giving her an opportunity to pay a legal fine and thus retain her liberty. With an obviously dim comprehension of what was going on in the skilled legal minds of the gentlemen who were conducting the proceedings, was she the one, and the only one, who should have known the law? Is she the one whose duty it was to see that the law was properly administered? Affirmance of the order would say so, and would leave her to suffer the consequences of the mistake, while the court, the district attorney, the probation officer, and appellant's attorney, all officers of the court and all equally guilty of the mistake, are given no opportunity to rectify it.

The order should be reversed and the court should proceed in the matter of probation as upon an original application.

A petition for a rehearing was denied July 16, 1948, and the following opinion was filed.

SHINN, Acting P. J.—I dissent from the order denying appellant's petition for rehearing. As I understand the main opinion the factual basis upon which it proceeds is that appellant did not pay or intend to pay all or any part of her fine. The record shows only that her attorney declared her inability to pay a fine of $1,000, and represented that the fine to be imposed would be paid by her employer. It was entirely proper for this court to proceed in the belief that no part of the fine had been paid. It now appears that the record before us was incomplete. In appellant's petition for rehearing she represents that she made three successive monthly payments of $50 each, and that at the time probation was revoked she owed only $50 of a maximum legal fine of $200. The trial court held her in default to the extent of $850. No excuse is offered for the failure to bring to this court the record upon which the trial court made the order revoking probation, and we are not required to afford appellant an opportunity to do so now. But we should not stand upon technicalities when to do so would compel us to render a decision upon a record which we have reason to believe is false or seriously incomplete. We should grant a rehearing and order transmitted here a complete record upon which the trial court acted, including the report of the probation officer which apparently furnished the evidence upon which the trial court based its order. It may be that we would then have before us important evidence, in addition to the fact that $150 of the fine had been paid. It might appear, and in all probability would appear, that appellant would have paid the remaining $50 if she had been given that opportunity. What is our duty in the premises? I have always understood it to be the function of a reviewing court to correct errors of law which have led to a miscarriage of justice. My associates agree that there was error and if they do not believe that justice has miscarried, they must believe that justice has been served. But how has it been served? I do not find in the main opinion any reason for sustaining the order revoking probation unless it be the assumption that appellant would not have paid a legal fine of $200. As I have

heretofore pointed out, that is an unjustified assumption. Inability to pay a fine of $1,000 does not prove inability to pay a fine of $200, and much less would it prove inability to pay a balance of only $50. Therefore, the decision of this court affirming the order rests upon an unsound factual basis.

The legal basis of the judgment of affirmance is equally unsound. The decision rests squarely on the presumption that appellant knew the law and therefore knew that she could satisfy the fine by the payment of $200. This is to say, in effect, that the accused is responsible for all of the mistakes of the court and the lawyers, unless at the time they are made he proceeds to have them corrected. Errors of the court are his errors and he cannot later complain of them. With due respect to my associates, I must say that this sounds to me like a satire on court procedure. Judges make errors and they correct errors. The error here involved was never called to the attention of the trial judge. It is our plain duty to call to his attention a mistake of law, and by a reversal of the erroneous order open the way for him to correct it.

The order of affirmance is unjust, not only to the appellant, but to the trial judge as well, for, as I have said before, he is one who would not hesitate to correct an error that threatened an obvious injustice. In all fairness appellant should be afforded an opportunity to pay the balance of a legal fine, which I am assuming, for the purpose of this opinion, to be $50, and not $200.

The petition for rehearing should be granted.