[Crim. No. 19156. In Bank. May 10, 1976.]

In re PATRICIA DAOUD on Habeas Corpus.

880

## COUNSEL

Edwin B. Stegman for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Owen Lee Kwong, Deputy Attorneys General, for Respondent.

## OPINION

**TOBRINER, J.**—Patricia Daoud, alleging that the superior court revoked her probation after the term of that probation had expired, seeks a writ of habeas corpus. The essential inquiry is whether an order modifying the original probation order extended the term of that probation. We conclude that petitioner's claim lacks merit, and thus deny the writ.

On February 8, 1973, following her plea of nolo contendere to a charge of grand theft (Pen. Code, § 487, subd. 1), petitioner was sentenced to one year in the county jail. The court suspended the execution of sentence and placed petitioner on probation for two years. On December 24, 1974, after her conviction of two counts of forgery (Pen. Code, § 470), petitioner was sentenced to consecutive terms in the California Institution for Women. On that same day, the court found that petitioner had violated her probation, but by minute order continued probation on the original terms "except for modification that upon completion of Sentence [in the forgery case] and release on parole, Probation shall terminate."

On October 31, 1975, the court issued a minute order directing: "The minute order of December 24, 1974 is augmented nunc pro tunc as of December 24, 1974 to reflect the intention of the Court to extend the period of probation for a period of one year from the then current expiration date of February 7, 1975." On November 6, 1975, the court revoked petitioner's probation.

A probation order may be revoked or modified only during the term of probation. (Pen. Code, § 1203.3; *In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625]; *People* v. *Smith* (1970) 12 Cal.App.3d 621, 625 [90 Cal.Rptr. 811].) ■ Petitioner contends that the revocation of her probation on November 6, 1975, was a nullity since her probation had expired on February 7, 1975, two years after it had commenced. The People, on the other hand, contend that petitioner's probation was revoked within the probation period as extended by the court's order of December 24, 1974. We must ascertain, therefore, the effect of the court's December 24, 1974, order upon the term of petitioner's probation.

We note at the outset that the court's *nunc pro tunc* order of October 23, 1975, does not bear significantly upon the issue before us. If the court's order of December 24, 1974, did not extend the period of petitioner's probation, the October 23 *nunc pro tunc* order came after the expiration of probation and constituted an empty gesture by a court lacking jurisdiction. ■ It makes no difference that the October 23 order was given effect "as of December 24, 1974"; a court cannot revive lapsed jurisdiction by the simple expedient of issuing an order *nunc pro tunc.* (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 904 [98 Cal.Rptr. 57, 489 P.2d 1385].)

Nor is it relevant that the *nunc pro tunc* order merely revised the original order to conform to what probably was the court's original intention; any failure of the court to extend the probation period constituted judicial rather than clerical error. ■ "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) Since there is no claim that the December 24 order was incorrectly recorded, any error must be judicial. It is well settled that judicial error cannot be corrected once jurisdiction has expired.[1] (*In re Candelario,*

---

[1]The *nunc pro tunc* order, however, could properly correct the minute order of December 24, 1974, to conform to the oral order of that date if there were a discrepancy between the two; the error in that case would be clerical.

*supra,* 3 Cal.3d at p. 705; *In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222, 421 P.2d 70].) Consequently, we confine our inquiry to the oral and minute orders that the court issued on December 24, 1974.

■ The minute order of December 24, 1974, continued petitioner's probation on its original term "except for modification that upon completion [of her sentence in the forgery case] and release on parole, Probation shall terminate." Although the language could be clearer, the minute order apparently purports to extend the expiration date of petitioner's probation from February 7, 1975, to such time as she was released from prison on the forgery sentences and placed on parole. Petitioner argues that the order could be read as creating alternative bases for the termination of probation; petitioner's probation would terminate either two years from the date it commenced, as originally ordered, or upon her release on parole from her forgery sentences, whichever came sooner.[2] Petitioner's interpretation, however, strains the language of the minute order and flies in the face of the court's less ambiguous oral order of that same date in which it declared that it found petitioner in violation of her probation and continued that probation *"until she serves a sentence* in [the forgery case] . . . at which time probation will terminate while she is on parole."

■ Petitioner also contends that if the December 24, 1974, order purported to extend her probation until she served her sentences on the forgery convictions, it was void since it potentially extended her probation beyond the maximum term permitted by statute. Penal Code section 1203a,[3] which governs the period of probation in misdemeanor cases,[4] limits probation periods to three years or the maximum sentence

---

[2]The fact that the court subsequently thought it necessary to correct the December 24, 1974, order "to reflect the intention of the Court to extend the period of probation for a period of one year from the then current expiration date" does not suggest that the court thought that it had not extended the probation period on December 24; it may simply reflect the court's realization that its December 24 order could be read to extend the probation period for more than one year. See *infra* pp. 883-884.

[3]Section 1203a provides in pertinent part: "Any such court shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years; provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced."

[4]Although grand theft can constitute a felony (Pen. Code, § 489), petitioner's grand theft conviction was for a misdemeanor since she was sentenced to the county jail rather than the state prison. (Pen. Code, § 17.)

provided by law for the underlying offense, whichever is greater. Since the maximum sentence for the underlying offense—grand theft misdemeanor—is one year, the maximum term of petitioner's probation was three years. The court's order of December 24, 1974, however, purported to extend petitioner's probation to a term potentially in excess of the three-year statutory limit. Since each count of forgery of which petitioner was convicted carried a maximum sentence of 14 years (Pen. Code, § 473), the court's order attempted to extend her probation for as much as an additional 28 years.

The People concede that the court's order of December 24, 1974, was invalid to the extent that it extended probation beyond the three-year statutory maximum. They contend, however, that we should give that order limited effect by deeming it to have increased the term of petitioner's probation to the statutory maximum of three years except that the probationary term would expire prior to that time if she were released on parole from her forgery sentences. This position comports with the limited authority on this question and appears to be sound.

In *People* v. *Blume* (1960) 183 Cal.App.2d 474 [7 Cal.Rptr. 16], the trial court suspended four consecutive one-year jail sentences and attempted to grant probation for two years on each count, with the total not to exceed five years. The statutory maximum probation in that case was four years. In the course of resolving another issue, the court sanctioned the state's position by implication: "[T]he judgment in question, for probation purposes, must be interpreted as imposing upon the defendant a sentence of four years and a probationary term for at least a like period of time." (183 Cal.App.2d, at p. 482.) If any order that proclaimed an excessive probation term were void *ab initio,* the court would have declared the order in *Blume* void since it placed the defendant upon probation for five years despite the four-year statutory maximum.[5] Similarly, in *People* v. *Kuhlman* (1948) 86 Cal.App.2d 566, 567 [195 P.2d 53, 196 P.2d 80], the court gave limited effect to a fine in excess of the statutory maximum. The trial court had imposed a $1,000 fine as a condition of probation despite a $200 statutory limit, and the Court of Appeal deemed the fine valid to the extent of $200.

---

[5]The People's argument derives some support from the principle that a *sentence* imposed in excess of the statutory maximum is not void, but is a valid sentence for the term authorized by law. (*People* v. *Fick* (1891) 89 Cal. 144 [26 P. 759]; *People* v. *Harvey* (1934) 137 Cal.App. 22 [29 P.2d 787].)

Petitioner adduces three cases in support of the proposition that the December 24, 1974, order is void; none of the cases is apposite. *Burtnett* v. *King* (1949) 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333], simply holds that a court that had *no* jurisdiction to adjudicate property rights could not render a judgment that was res judicata on that issue; it did not hold that all actions by a court which does have jurisdiction but which acts in excess of that jurisdiction are nullities. *Fayad* v. *Superior Court* (1957) 153 Cal.App.2d 79 [313 P.2d 669], and *In re Griffin, supra,* 67 Cal.2d 343, merely acknowledge that a court's probationary power springs exclusively from a statute; they do not conclude that judicial actions that exceed the statutory limits are completely void *ab initio.*

Conferring the December 24, 1974, order with limited effect, moreover, seems the wiser approach. If a court desires to extend a probationary period, and fails to realize that the extension it contemplates exceeds the statutorily prescribed maximum, there is scant basis for denying it any effect whatsoever. Since the court would clearly prefer an extension of the term to the statutory limit rather than no extension at all, and since the probationer could not have objected had the court extended his term to the statutory limit, a ruling that grants the order a limited effect implements the court's intention to the greatest possible degree without doing violence to the probationer's rights.

In sum, we conclude that the effect of the court's order of December 24, 1974, was to extend petitioner's probation to the three-year statutory limit, and that petitioner's probation was, therefore, revoked within the terms of her probation as extended. The order to show cause is discharged and the petition for habeas corpus is denied.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.