Filed 9/4/14  P. v. Baker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060827 |
| v. | (Super.Ct.No. BAF1300812) |
| HERBERT MITCHELL BAKER, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed with directions.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## STATEMENT OF THE CASE

On November 27, 2013, an amended felony complaint charged defendant and appellant Herbert Baker with first-degree burglary  under Penal Code [1] section 459 (count 1); and possession of a controlled substance (methamphetamine) under Health and Safety Code, section 11377, subdivision (a) (count 2).  The complaint also alleged six prison priors under section 667.5, subdivision (b); a serious prior offense under section 667, subdivision (a); and a strike prior under sections 667, subdivisions (c) through (e)(i), and 1170.12, subdivision (c)(1).[2]

On February 27, 2014, the court denied defendant's request to replace his appointed counsel.  On March 10, 2014, defendant entered a plea agreement wherein he pled guilty to possession of a controlled substance (count 2) and admitted the strike prior, in exchange for a stipulated sentence of 32 months in state prison and dismissal of the balance of the complaint.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

[2]     The reporter's transcript from the March 10, 2014 hearing is clear that defendant pled guilty to count 2, "That's a Health and Safety Code 11377(a)."  The felony plea form, executed on the same date as the hearing, stated that defendant was pleading guilty to violating Health and Safety Code section 11377, subdivision (a).  The minute order from the March 10, 2014 hearing, however, provides that defendant pled guilty to count 1.  Moreover, the abstract of judgment filed on March 14, 2014, provides that defendant was convicted of count 1 – first degree burglary under Penal Code section 459.

Thereafter, the trial court sentenced defendant pursuant to the terms of the plea agreement – 16 months in state prison, doubled per the strike prior, for a total of 32 months. Defendant received 212 days in presentencing custody credits. The trial court also imposed various fines and fees.

On April 1, 2014, defendant filed a timely notice of appeal challenging the sentence or other matters occurring after the plea.

## II

## STATEMENT OF FACTS

As a factual basis for the plea, defendant made an oral statement admitting that on November 26, 2013, he possessed a usable amount of methamphetamine. Defendant also admitted that on October 30, 1986, he was convicted of the crime of burglary in the first degree, which is considered a serious and violent felony.

## III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, as noted above, there is a discrepancy between the reporter's transcript and the felony plea form, from the minute order and abstract of judgment.

As a general rule, the record will be harmonized when it is in conflict. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) "'[A] discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error.'" (*People v. Williams* (1980) 103 Cal.App.3d 507, 517; see also *In re Daoud* (1976) 16 Cal.3d 879, 882, fn. 1 [trial court could properly correct a clerical error in a minute order *nunc pro tunc* to conform to the oral order of that date if there was a discrepancy between the two].)

In this case, it is clear from the record that defendant pled guilty to count 2, a violation of Health and Safety Code section 11377, subdivision (a), and the clerk made a clerical error in entering count 1, instead of count 2, in the minute order. Thereafter, at a later date, the same error was repeated in the abstract of judgment. Therefore, we shall remand this case to the trial court to correct the minute order and abstract of judgment to reflect that defendant was convicted of count 2 under Health and Safety Code section 11377, subdivision (a).

4

# IV

# DISPOSITION

This cause is remanded to the trial court. We hereby order the trial court to correct the minute order dated March 10, 2014, and the abstract of judgment dated March 14, 2014, to reflect that defendant pled guilty to and was convicted of count 2, a violation of Health and Safety Code section 11377, subdivision (a), and not count 1, a violation of Penal Code section 459. The clerk of the court shall then forward the amended abstract of judgment to the Department of Corrections. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

McKINSTER _____

Acting P. J.

CODRINGTON _____

J.

5