Filed 10/17/14  P. v. Piedad CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANASTACIO PIEDAD,<br><br>     Defendant and Appellant. | A139130<br><br>(Solano County<br>Super. Ct. No. VCR207333) |

**INTRODUCTION**

Defendant Anastacio Piedad appeals the trial court's order extending his probationary period by two years, contending the trial court's order is invalid for lack of jurisdiction.  We agree with defendant and therefore vacate the trial court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a felony complaint filed on May 3, 2010, defendant was charged with failure to register annually as a sex offender under Penal Code section 290.012.[1]  The complaint also alleged defendant had suffered a prior conviction with a prison term within the meaning of section 667.5.  On May 21, 2010, defendant pleaded no contest to the charge of failure to register.  Upon the People's motion, the allegation of a prior conviction with a prison term was dismissed and the matter referred to probation for a sentencing report.

At a sentencing hearing on June 21, 2010, the trial court suspended imposition of sentence and placed defendant on probation for a period of three years under specified

---

[1]  Further statutory references are to the Penal Code unless otherwise specified.

conditions. As pertinent here, the court ordered defendant to pay administrative fees in the amount of $200 under section 1202.4 and $200 under section 1202.44, with the latter stayed pending successful completion of probation. The court also ordered defendant to pay a $30 security surcharge and a $30 criminal conviction assessment. Further the court ordered that defendant "shall attend counseling and therapy as may be directed by his probation officer, specifically, sex offender counseling" and that he "continue to register pursuant to Section 290 of the Penal Code."

On October 15, 2010, defendant was arrested based on the allegation he violated probation by failing to charge the GPS tracker device that allows the probation department to monitor his whereabouts.[2] At a hearing on October 29, 2010, defendant admitted he violated probation by failing to charge the transponder for the tracking device. The court revoked and then reinstated probation, imposing a 30-day jail term and ordering all probation conditions remain in full force and effect.

Subsequently, the probation officer noticed a hearing for June 28, 2013 regarding a modification of probation orders. Probation filed a supplemental report (report) on the date of the hearing seeking an "[e]xtension of Probation since the defendant has not completed sex offender counseling, and fines/fees are not paid in full." The report states: "defendant has a prior record of sex offenses, and it is concerning to note that he has never participated in any form of sex offender counseling . . . . [¶] The defendant has a current balance of $240 on his probation fines/fees, and . . . he has only made one payment of $20 on 6-1-12." Also, the report states: "Mr. Piedad was notified of today's court date in writing, as a 'Notice of Court Hearing' was mailed to the above-noted mailing address on 6-20-13, and a copy is attached for the Court's review.[3] In addition,

---

[2] Defendant was fitted with a GPS ankle bracelet in July 2010 because he was assessed as having a high-risk of recidivism based on his score of seven on the Static-99 test.
[3] The notice stated: "Purpose of Hearing: Extension of Probation since fines are not paid in full."

he was verbally notified and he was also given a 'Notice of Court Hearing' at his probation appointment on 6-20-13." The report further notes the extension of probation "was discussed with Mr. Piedad, and he is aware that an extension is necessary since he has not paid his fines and fees in full and he has not participated in sex offender counseling."

At the hearing on June 28, 2013, the prosecutor expressed concern defendant had not completed sex-offender counseling and agreed with the probation department's request to extend defendant's probation period by two years. Defense counsel stated defendant was homeless, impecunious, and could not be expected to pay the fees required for sex-offender counseling,[4] concluding, "So I don't believe there's any basis within the report that would require an extension [of probation]." After hearing counsel's argument, the court ruled: "Well, [defense counsel], then, I hear what you are saying. I understand your point that you are making. But just as the future doesn't tell us—it may be that he will have some income in the future, but no one is alleging a violation at this point, but I think it is appropriate that he have this sort of counseling. [¶] So I am going to order that his probation be extended two years from the date it's set to expire, complete the sex offender counseling as a term of probation." Defense counsel again objected, stating, "I don't think there's a legal basis for extending probation." Defendant filed a timely notice of appeal on July 1, 2013.

## DISCUSSION

Section 1203.3 authorizes the trial court to "revoke, modify, or change its order of suspension of imposition or execution of sentence." (§ 1203.3, subd. (a).) This authority "includes the power to extend the probationary term. [Citation.]" (*People v. Leiva* (2013) 56 Cal.4th 498, 504 (*Leiva*).) However, the statute makes plain that such authority

---

[4] Regarding the cost of sex-offender counseling, the June 28 report states, "the fees for an intake/assessment is $170-180, individual sessions . . . $85, and group sessions . . . $40."

3

attaches only "during the term of probation."  (§ 1203.3, subd. (a); see also *In re Daoud* (1976) 16 Cal.3d 879, 882 ["A probation order may be revoked or modified only during the term of probation"].)

Defendant contends that because the court extended his probation at the hearing on June 28, 2013—after his probationary period expired on June 20, 2013—the trial court's order is therefore invalid for lack of jurisdiction.[5]  Respondent, on the other hand, argues the trial court had jurisdiction to extend probation, relying on tolling language in section 1203.2:  "The revocation, summary or otherwise, shall serve to toll the running of the period of supervision."  (§ 1203.2, subd. (a).)

In *Leiva, supra,* the California Supreme Court concluded the Legislature enacted the tolling provision in section 1203.2 to "reemphasize the following objectives . . . . First, the provision would ensure that, *once probation was summarily revoked*, the prosecution would have a fair opportunity to prove that a defendant violated probation during the probationary period even when a formal probation violation hearing could not be held before probation expired. Second, the provision would ensure a defendant's due process right to a formal hearing in which to litigate the validity of an allegation that he

---

[5]  Probation's supplemental report filed on June 28, 2013—the same date as the hearing at which the court extended defendant's probation—states probation expires "7-1-13." However, the Attorney General acknowledges defendant was placed on probation on June 21, 2010, and his term of probation "was due to expire on June 21, 2013."  We asked for supplemental briefing on the issue of whether defendant's earlier revocation and reinstatement of probation in October 2010 may have extended defendant's period of probation beyond June 28, 2013.  In the supplemental briefing, defendant contends the record shows his probation was not summarily revoked in October 2010.  We need not resolve that issue, however, because the Attorney General acknowledges the statutory tolling associated with revocation does not automatically extend a probationary period and, whereas any summary revocation in October 2010 empowered the trial court to extend defendant's probationary period by 10 days to exclude the period he was in revoked status, the record does not affirmatively demonstrate that the trial court did so when it reinstated his probation on October 29, 2010.  In sum, the record demonstrates defendant's probation expired on June 20, 2013, at the conclusion of his three-year term.

4

violated the conditions of probation during the probationary period whenever such a formal hearing could be held." (*Leiva, supra,* 56 Cal.4th at p. 515.)

In light of those objectives, the *Leiva* court concluded "summary revocation of probation *preserves the trial court's authority* to adjudicate a claim that the defendant violated a condition of probation during the probationary period." (56 Cal.4th at p. 515, italics added.) The authority retained by the court following summary revocation " 'is to decide whether there has been a violation during the period of probation and, if so, whether to reinstate or terminate probation.' [Citation]." (*Id.* at pp. 515-516, italics omitted.) *Leiva* makes clear it is only "summary revocation of probation" that preserves the trial court's authority to decide whether a defendant "violated a condition of probation during the probationary period." (*Id.* at p. 515; see also *People v. Sem* (Sept. 17, 2014, H039252) ___ Cal.App.4th ___ [2014 WL 4628018] ["[T]he reasoning of *Leiva* extends further in recognizing that tolling following summary revocation is a procedural mechanism for preserving the court's jurisdiction to adjudicate whether a probation violation has occurred during the previously imposed probationary period. It is not a mechanism for extending that probationary period beyond its statutory time limits"].)

Respondent, however, contends "the June 19, 2013, calendaring memo from the court setting a hearing date for June 28, 2013, the notice of the hearing date provided to appellant's attorney, and the written and oral notice to appellant on June 20, 2013, that a hearing had been set for June 28, 2013, constituted a summary revocation of appellant's probation . . . ." We disagree.

Section 1203.2 provides: "At any time during the period of supervision . . . if any probation officer, parole officer, or peace officer has probable cause to believe that the supervised person is violating any term or condition of his or her supervision, the officer may, without warrant or other process and at any time until the final disposition of the case, *rearrest* the supervised person and *bring him or her before the court* or the court

5

may, in its discretion, *issue a warrant* for his or her rearrest. *Upon such rearrest, or upon the issuance of a warrant for rearrest* the court may revoke and terminate the supervision of the person if the interests of justice so require and *the court, in its judgment*, *has reason to believe* from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision . . . ." (§ 1203.2, subd. (a), italics added.) The language of the statute makes clear a summary revocation of supervision does not occur until the supervised person is brought *before the court* or a warrant has issued, and *the court*, in the exercise of its judgment, determines there is reason to believe the person has violated a condition of his or her probation.

Here, defendant's probationary period expired on June 20, 2013. However, defendant was not brought before the court until June 28, 2013. Whereas the record shows defendant received notice of the June 28 hearing before his probationary period expired, such notice did not constitute a summary revocation because notice alone did not involve a determination by the court, upon defendant's appearance, that there was reason to believe he failed to comply with his conditions of probation. In sum, by June 28, 2013, the trial court had lost jurisdiction to extend defendant's term of probation and the order issued on that date is therefore invalid.

## DISPOSITION

The trial court's order is reversed, and the trial court is directed to order defendant discharged from probation.

6

_____
Dondero, J.

We concur:


_____
Margulies, Acting P.J.


_____
Banke, J.