Filed 8/24/15  P. v. Speck CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061228 |
| v. | (Super.Ct.No. SWF1102604) |
| DANIEL TAHOE SPECK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Albert J. Wojcik, Judge.

Affirmed and remanded with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General,  Julie L. Garland, Assistant Attorney

General, Arlene A. Sevidal, and Amanda E. Casillas, Deputy Attorneys General, for

Plaintiff and Respondent.

The trial court placed defendant Daniel Speck on probation and ordered him to

serve 365 days in jail after a jury convicted him of misdemeanor assault and of battery

1

with serious bodily injury. Defendant argues, the People concede, and this court agrees that: (1) defendant's sentence for misdemeanor assault should be reduced to a maximum of 180 days; and (2) the minute order should be corrected to show the trial court waived rather than suspended the presentence incarceration fee.

## FACTS AND PROCEDURE

On September 9, 2011, during a party at defendant's home, defendant punched and hit a guest after the guest punched a hole in the wall of defendant's home. Other party goers attacked the guest as well. The guest suffered a broken nose and fractured facial bones.

On April 8, 2014, a jury convicted defendant of misdemeanor simple assault (Pen. Code, § 240)[1] and battery with serious bodily injury (§ 243, subd. (d)).

On May 6, 2014, the trial court suspended the imposition of sentence for the battery conviction and placed defendant on probation for four years, with a condition of probation that he serve 365 days in jail, with credit for 148 days. On the assault conviction, the court sentenced defendant to 365 days in jail, to be served concurrently with the sentence for battery. Among other fines and fees, the trial court waived the $10,539 presentence incarceration fee under section 1203.1c based on defendant's lack of ability to pay.

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

1. *Defendant Should be Resentenced on the Misdemeanor Assault Conviction*

The jury convicted defendant of misdemeanor simple assault under section 240. The trial sentenced defendant to 365 days in county jail. However, under section 241, the maximum punishment for misdemeanor simple assault is 180 days in county jail. Thus, the sentence is unauthorized by law and defendant can challenge it on appeal without having objected in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354).

The matter is remanded to the trial court for resentencing on this count.

2. *The Minute Order Should be Corrected to Show the Court Waived the*

    *Presentence Incarceration Fee*

The record transcript shows the trial court waived the $10,539 presentence incarceration fee based on defendant's lack of ability to pay. However, the minute order for the sentencing hearing incorrectly states that the trial court suspended the fee.

As a general rule, the record will be harmonized when it is in conflict. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) "'[A] discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error.'" (*People v. Williams* (1980) 103 Cal.App.3d 507, 517; see also *In re Daoud* (1976) 16 Cal.3d 879, 882, fn. 1 [trial court could properly correct a clerical error in a minute order *nunc pro tunc* to conform to the oral order of that date if there was a discrepancy between the two].)

Therefore, we will remand this case to the trial court to correct the minute order to

3

reflect that the trial court waived the presentence incarceration fee.

**DISPOSITION**

Affirmed and remanded with directions to the trial court to resentence defendant on the misdemeanor simple assault conviction and to correct the minute order for May 6, 2014 to reflect that the trial court waived the presentence incarceration fee.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

4