Filed 1/26/16  P. v. Gil CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MANUEL GIL,<br><br>  Defendant and Appellant. | 2d Crim. No. B263574<br>(Super. Ct. No. VA120910-01)<br>(Ventura County) |

Manuel Gil appeals an April 9, 2015 order continuing his Post Release Community Supervision (PRCS) after the court that sentenced him (Los Angeles County Superior Court) granted Proposition 47 relief and found that appellant was no longer subject to PRCS.  (Pen. Code, § 1170.18, subd. (g)).[1]  We reverse on the ground that the Ventura County Superior Court lacked jurisdiction to reinstate or continue appellant's PRCS.

*Procedural History*

In 2011, appellant was sentenced to two years state prison after pleading guilty to receiving stolen property (§ 496, subd. (a)) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in Los Angeles County Superior Court Case Number VA12091001.  For sentencing purposes, Los Angeles County was

---

[1] All statutory references are to the Penal Code unless otherwise stated.

the "committing court." Appellant was also convicted in Orange County (the non-committing court) for second degree burglary and drug and theft offenses. (Orange County Super. Ct. Case No. 11NF0337).

On August 2, 2012, the California Department of Corrections and Rehabilitation released appellant from prison and placed him on PRCS for a period not exceeding three years. (§ 3450 et seq.) PRCS supervision was transferred from Los Angeles County to Ventura County where appellant resided. (§§ 3003, subd. (a); 3460, subd. (c).) Ventura County Probation Department became the "receiving" supervising agency for purposes of PRCS supervision. (§ 3460, subd. (a); see Couzens et al., Cal. Practice Guide, Sentencing California Crimes (The Rutter Group 2015) § 11:64, p. 11-99.)

On March 13, 2014, the Ventura County Superior Court issued a bench warrant after appellant violated PRCS. Appellant filed a petition for Proposition 47 relief which was granted by the Los Angeles County Superior Court on March 19, 2014. The Los Angeles County Superior Court found that appellant had "completed" his sentence, and designated the felony conviction as a misdemeanor conviction, and terminated PRCS supervision.[2] (§ 1170.18, subd. (g).)

On April 9, 2015, appellant was arraigned in Ventura County on the warrant. Appellant argued that the PRCS warrant was no longer valid because the Los Angeles County Superior Court had granted Proposition 47 relief and recalled the sentence. The Ventura County Superior Court denied appellant's request to terminate PRCS and ordered appellant to report to the Ventura County Probation Department.

---

[2] Proposition 47 reclassifies certain nonviolent theft and drug offenses from felonies to misdemeanors. (§ 1170.18.) It applies to all defendants (1) who have cases pending, (2) who are on probation or parole, or (3) who have completed their sentences. Eligible defendants may petition the sentencing court to have their offenses declared misdemeanors and be resentenced. (Cal. Criminal Law Procedure and Practice (Cont. Ed. Bar 2015) § 5.29C, p. 1043.)

2

On April 15, 2015, Ventura County Probation Department filed a petition to revoke and reinstate appellant's PRCS. (§ 3455, subd. (a).) In an April 24, 2015 memo, probation requested that the superior court designate the Orange County case (Case No. 11NF0337) as the controlling case for purposes of PRCS and continue PRCS. Granting the request, the superior court revoked and reinstated appellant's PRCS.

*Proposition 47 Jurisdiction*

Appellant contends that the Ventura County Superior Court exceeded its jurisdiction in reinstating and continuing PRCS after Los Angeles County Superior Court granted Proposition 47 relief. We agree.

After appellant was released from prison and placed on PRCS, Los Angeles County transferred appellant's PRCS to Ventura County, appellant's place of residence. (§ 3460, subd. (b).) "Penal Code § 3460 establishes a process for the transfer by the supervising agency once the agency determines that the person no longer permanently resides in that agency's county. The superior court is not involved in this process." (Cal. Criminal Law Procedure & Practice, *supra,* § 47.5B, p. 1545.)

Although the Ventura County Superior Court had jurisdiction to revoke, continue, or terminate PRCS, Los Angeles County Superior Court had primary jurisdiction to grant Proposition 47 relief.[3] (§ 1170.18, subd. (b); Couzens et al., Sentencing California Crimes, *supra,* § 11.64, p. 11-99.) Section 1170.18, subdivision (a) required that appellant file the petition to recall the sentence "before the trial court that

---

[3] In probation cases, where the defendant is released on probation and the case is transferred to a different county, "[t]he court of the receiving county shall accept the entire jurisdiction over the case." (§ 1203.9, subd. (b).) In those cases, a petition for Proposition 47 relief may be heard in the receiving county because the original sentencing judge is no longer available as a matter of law. (§ 1170.18, subd. (l); Couzens et al., Cal. Practice Guide, Sentencing California Crimes, *supra,* § 25.11.B., p. 25-88.)
  "The rule is different for persons on PRCS whose supervision is transferred under section 3460. . . . There is a qualitative difference between the transfer of the case for purposes of [PRCS] supervision, and transfer of the 'entire jurisdiction over the case' between courts, as in section 1203.9. Likely, the [Prop. 47] petition for resentencing of a person on PRCS must be filed in the original sentencing county." (*Id.*, at p. at p. 25-89.) (*Ibid.*)

entered the judgment of conviction. . . ." Here the Los Angeles County Superior Court recalled the sentence, designated the felony conviction as a misdemeanor conviction, and terminated PRCS supervision.

The Attorney General contends that Ventura County Superior Court had authority to designate the Orange County conviction as the "committing offense" for purposes of reinstating PRCS supervision. We reject the argument because there is no evidence that appellant was released on PRCS to Orange County or that PRCS supervision was transferred from Orange County to Ventura County. After Los Angeles County Superior Court terminated PRCS, Ventura County lacked jurisdiction to reinstate PRCS supervision nunc pro tunc. "[A] court cannot revive lapsed jurisdiction by the simple expedient of issuing an order *nunc pro tunc*. [Citation.]" (*In re Daoud* (1976) 16 Cal.3d 879, 882.)

The April 9, 2015 order continuing PRCS is reversed with directions to enter a new order that PRCS was terminated on March 19, 2015, by the Los Angeles County Superior Court.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Stephen Lipson, Public Defender, Michael C. McMahon, Chief Deputy, Ashley Jones, Deputy Public Defender, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.