Filed 3/10/22  P. v. Petty CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES LAKIE PETTY IV,<br><br>    Defendant and Appellant. | A163677<br><br>(Napa County<br>Super. Ct. No. 21CR000462) |

Defendant James Lakie Petty IV appeals from a postconviction order denying his request for a reduction of his probation period.  Petty's appellate counsel has filed a brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Petty of his right to file a supplemental brief, and he has not filed one.  Upon our *Wende* review, we conclude there are no arguable appellate issues requiring further briefing and affirm.

## BACKGROUND

On March 12, 2021, the Napa County District Attorney filed a criminal complaint charging Petty with being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)) (count 1; possessing a loaded firearm not

---

[1] Further undesignated statutory references are to the Penal Code.

1

registered to the person (§ 25850, subd. (c)(6)) (count 2); possessing a concealed firearm in a vehicle (§ 25400, subd. (a)(1)) (count 3); possessing a loaded firearm in a public place (§ 25850, subd. (a)) (count 4); being a felon in possession of ammunition (§ 30305, subd. (a)) (count 5); driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) (count 6); and driving without a license (*id.*, § 12500, subd. (a)) (count 7).

On March 24, pursuant to a plea agreement, Petty pleaded no contest to the charges in counts 1 and 6, in exchange for the dismissal of the remaining counts and his placement on probation for three years, subject to certain terms and conditions. The court found Petty knowingly, intelligently, and voluntarily waived his rights and accepted the plea.

On April 22, the court granted Petty three years' probation, conditioned on him serving 120 days in county jail, with 85 days of credit for time served, among other probation conditions. The court also imposed various fines, assessments, and fees.

On July 30, the Probation Department filed a petition to revoke Petty's probation, alleging he violated several terms of probation. On August 10, the court revoked and reinstated probation and modified its conditions to include requirements that he complete an alcohol and drug treatment assessment and an outpatient or residential treatment program, and serve ten days in a community work program.

On August 16, the Probation Department filed a motion to transfer Petty's case to Solano County. A hearing on that motion was held on October 7, which began with defense counsel orally requesting "that the court reduce Petty's probation term as to the felony conviction in count 1 to two years," pursuant to Assembly Bill No. 1950 (AB 1950). AB 1950 took effect on January 1, 2021 and amended sections 1203a and 1203.1 to limit the

maximum term of probation for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a), (m)), as amended by Stats. 2020, ch. 328, §§ 1, 2.) Defense counsel, however, requested that the court "leave probation as to the misdemeanor count [Veh. Code, § 23152, subd. (a)] as it is currently set, three years," because it was for an offense that AB 1950's one-year probation limitation did not apply to. (§ 1203a, subd. (b); Veh. Code, § 23600, subd. (b)(1).)

The court asked Petty's counsel if he wished to brief the issue, but counsel declined. It turned to the probation department's motion to transfer, to which the parties stated they had no objections.

The court granted the motion to transfer, but denied the request to modify his probation term as to count 1. The court was "unaware of any authority . . . to reduce probation on the felony to two years while keeping probation on the misdemeanor at three years." It also denied the request in light of the fact that the three-year probation term was negotiated pursuant to a plea agreement. Because the agreement was entered into after AB 1950's effective date, the court presumed the parties contemplated it in their negotiations.

On October 8, Petty filed a notice of appeal from the order denying his motion to modify the probation term and on October 20, obtained a certificate of probable cause.

## DISCUSSION

Preliminarily, we note that whether the protections afforded by *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 (*Anders*), apply to an appeal from a postconviction order, such as the order appealed from here, remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's

representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been reluctant to expand their application to other proceedings or appeals. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 500–501, 503 [*Anders/Wende* review not available to defendant facing deportation and challenging postjudgment motion to vacate judgment]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536–537 [*Anders/Wende* review not required in conservatorship proceedings]; *People v. Thurman* (2007) 157 Cal.App.4th 36, 44–45, 47 [*Anders/Wende* not applicable in postconviction motions for a new trial]; *In re Sade C.* (1996) 13 Cal.4th 952, 981–984 [*Anders* review not required in cases affecting parental rights]; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555, 557 [*Anders* review not available in postconviction proceedings].)

Moreover, appellate courts are not in unison with respect to whether we should exercise our discretion to conduct an independent review of the record in an appeal from the denial of postconviction relief if a defendant does not respond to an invitation to file a supplemental brief. (Compare *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038–1039 (*Cole*), review granted Oct. 14, 2020, S264278 [holding appellate courts are not required to independently review record when no supplemental brief filed and may dismiss the appeal as abandoned]; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130–1132, review granted Mar. 17, 2021, S266853 [following *Cole*]; and *People v. Figueras* (2021) 61 Cal.App.5th 108, 111–113, review granted May 12, 2021, S267870 [same], with *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273–274 [although not required, a reviewing court "can and should . . . in the interests of justice" independently review the record even if defendant did not file a supplemental brief]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599 [following *Flores*]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

4

We need not wade into this debate, which is currently pending review by our Supreme Court.

In the absence of Supreme Court authority, we believe it prudent to adhere to *Wende* in this case, where counsel has undertaken to comply with *Wende* requirements. And upon conducting a review of the record here, we conclude there are no arguable appellate issues requiring further briefing.

Petty's request to reduce his probation term only as to his felony conviction in count 1 was not supported by any authority. Statutory law indicates that if a court places a defendant on probation, it will be under a single grant for the entire case, regardless of the number of counts. Section 1203, subdivision (b)(3) provides that a trial court shall "determine . . . the suitability of probation in *the particular case*," and makes no reference to suitability as to individual counts within a case. (Italics added.) Also, for purposes of applying the maximum periods of probation in sections 1203.1 and 1203a, courts have treated probation for multiple counts as a single period, thus precluding the imposition of a series of separate and consecutive probation terms. (Couzens, et al., Sentencing Cal. Crimes (The Rutter Group 2021) §§ 8:15.20, 8:15.50 (Couzens), citing *Fayad v. Superior Court* (1957) 153 Cal.App.2d 79, 83–84 (*Fayad*); *People v. Blume* (1960) 183 Cal.App.2d 474, 481–482; *People v. Cole* (2020) 50 Cal.App.5th 715, 719.)

Additionally, there did not appear to be a basis for the court to unilaterally modify the term of probation that was negotiated as part of a plea agreement. First, although Petty argued he was entitled to the benefits of AB 1950, AB 1950 went into effect before the parties entered into the plea agreement, and thus the court properly presumed the parties contemplated the new law in their negotiations. (See *Doe v. Harris* (2013) 57 Cal.4th 64, 65, 75.)

Second, and in any event, AB 1950's amendments did not necessitate modification of the agreed-upon probation length. Petty was convicted of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), a felony, with a two-year maximum period of probation under amended section 1203.1, subdivision (a). He also was convicted of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), a misdemeanor excluded from AB 1950's one-year limitation and instead subject to a five-year maximum probation period. (Veh. Code, § 23600, subd. (b)(1); § 1203a, subd. (b).) Where a defendant is convicted in the same case of multiple offenses with various lengths of probation, a court is "permitted to select a term of probation for the entire case up to the longest authorized for any single conviction, whether the longest term is for a felony or a misdemeanor." (Couzens, *supra*, §§ 8:15.20, 8.15.50 [citing *Fayad* and similar cases].) "Stated differently, defendants convicted of multiple counts, any one of which excludes them from AB 1950 and who are subject to the 'maximum sentence' period of probation, will have the status of an excluded defendant for the entire case, regardless of the number of counts and regardless of whether some of the counts are crimes which otherwise would be subject to limited terms of probation under AB 1950." (Couzens, § 8:15.20.) Placing Petty on three years' probation thus was authorized.

In sum and in short, there was nothing arguable about the trial court's order denying the request to reduce the probation term.

## DISPOSITION

The order appealed from is affirmed.

6

                              _____

                              Richman, Acting P. J.

We concur:


_____

Miller, J.


_____

Mayfield, J. *

*People v. Petty* (A163677)

     *Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7