Filed 6/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ARREGUIN,<br>    Defendant and Appellant. | A162718<br><br>(Sonoma County<br>Super. Ct. Nos. SCR678994-1<br>& SCR681736-2) |

On September 27, 2016, defendant Christopher Arreguin pleaded guilty to human trafficking (case No. SCR681736-2) and second degree robbery (case No. SCR678994-1) in separate, unconsolidated cases. On December 1, 2016, the trial court imposed an aggregated sentence of six years, comprised of the principal term of five years for the human trafficking offense plus a consecutive subordinate term of one year for the robbery offense. The execution of the sentence was suspended, and Arreguin was placed on probation for 60 months in both cases.

On May 21, 2019, the court summarily revoked probation in both cases for eight months and probation was reinstated on November 25, 2019. On January 27, 2021, the court again summarily revoked probation in both cases. On April 20, 2021, the court held a contested hearing and found Arreguin had violated probation in both cases based on conduct underlying a January 15, 2021 arrest. On May 21, 2021,

1

the court formally revoked probation in both cases and put into effect the previously suspended aggregate sentence of six years.

The sole question before us, which we answer in the affirmative, is whether the trial court erred in denying Arreguin's motion to dismiss the violation of probation (VOP) filed in the human trafficking case.

The 60-month probation term in the human trafficking case was imposed on December 1, 2016, and hence was originally set to expire on December 1, 2021. However, effective January 1, 2021, the maximum probation term for many offenses, including the human trafficking offense at issue in this case, became limited to two years by statute (Pen. Code, [1] § 1203.1, former subd. (a), as amended by Assem. Bill No. 1950 (2020-2021 Reg. Sess.; Stats. 2020, ch. 328, § 2; "AB 1950" [2]). As of January 1, 2021, Arreguin had served significantly more than two years of probation, and therefore his probation terminated as a matter of law. His probation having terminated, the court lacked jurisdiction to order summary revocation. While the court erred in denying Arreguin's motion to dismiss the VOP filed in the human trafficking case based on AB 1950, it retained jurisdiction to adjudicate the VOP filed in the robbery case as the term of probation for the robbery offense was statutorily exempt from the two-year probation limitation in AB 1950.

_____

[1]     All undesignated statutory references are to the Penal Code.
[2]     Assembly Bill No. 177 (2021-2022 Reg. Sess.), effective January 1, 2022, effected changes to section 1203.1, repealing the entire section and then adding a new section 1203.1, effective January 1, 2022. (Stats. 2021, ch. 257, § 22, eff. Sept. 23, 2021, operative Jan. 1, 2022.) Because the changes in the new section 1203.1 do not affect the analysis in this case, our opinion will hereafter cite to AB 1950 for convenience.

Accordingly, in case No. SCR681736-2 (human trafficking) we reverse the May 19, 2021 sentence and remand that case to the trial court with directions to vacate its order denying Arreguin's motion to dismiss the VOP, enter a new order granting the motion to dismiss the VOP, and conduct further proceedings consistent with our opinion. In case No. SCR678994-1 (robbery), we reverse the May 19, 2021 sentence and remand that case to the trial court with directions to conduct further proceedings consistent with our opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In case No. SCR678994-1, Arreguin was charged with the felony offenses of second degree robbery and dissuading a witness by force or threat based on a gunpoint robbery (robbery case). In case No. SCR681736-2, Arreguin was charged with the felony offenses of pandering and human trafficking of a minor for a sex act concerning two victims (human trafficking case). The cases were not consolidated.

On September 27, 2016, Arreguin appeared before the trial court to resolve both cases. He pled guilty to human trafficking (§ 236.1, subd. (a)) in case No. SCR681736-2, and second degree robbery (§§ 211, 212.5, subd. (c)) in case No. SCR678994-1. He signed a separate plea agreement in each case, acknowledging his plea would be an "open plea" with "a maximum possible sentence of 6 years."

At sentencing on December 1, 2016, the trial court imposed an aggregate term of six years, comprised of the principal term of five years (the lower term) for the human trafficking offense, plus a consecutive subordinate term of one year (one-third of the middle term) for the robbery offense. The execution of the aggregate sentence was

3

suspended and Arreguin was placed on probation for 60 months in each case, with the terms of probation "to run concurrent with each other." [3]

Thereafter, Arreguin's probation term in both cases was tolled for approximately eight months (266 days) from March 5, 2019, when the court summarily revoked probation, until November 25, 2019, when the court reinstated probation. (§ 1203.2, subd. (a) ["[t]he revocation [of probation], summary or otherwise, shall serve to toll the running of the period of supervision"].)

Effective January 1, 2021, AB 1950 was enacted to limit the maximum probation term a trial court could impose for most felony offenses (including the human trafficking offense in this case) to "a period of time not exceeding two years, and upon terms and conditions as it shall determine." (§ 1203.1, former subd. (a); Stats. 2020, ch. 328, § 2.) AB 1950 provided that the two-year probation limitation did not apply to certain exempt felonies, including "any violent felony offense listed in section 667.5, subdivision (c)," which exemption applied to the robbery offense in this case. (§ 1203.1, former subd. (m) [4]; Stats. 2020, ch. 328, § 2.) As to the exempt felonies, "the court, or the judge thereof, in the order granting probation, may suspend the imposing or the

---

[3]    At the time of the December 1, 2016 sentences in these cases, a trial court could impose felony probation for a period "not exceeding the maximum possible term of the sentence," except "where the maximum possible term of the sentence [was] five years or less," in which case probation could "continue for not over five years." (§ 1203.1, former subd. (a); Stats. 2010, ch. 178, § 75, operative Jan. 1, 2012.)

[4]    As we have noted, AB 1950's amendments were retained in full when section 1203.1 was later repealed and added again as section 1203.1. (Stats. 2021, ch. 257, §§ 21–22.) Section 1203.1, former subdivision (m), was redesignated as section 1203.1, subdivision (*l*). (Stats. 2021, ch. 257, § 22.)

execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence and under conditions as it shall determine." (*Ibid*.)

On January 27, 2021, the trial court summarily revoked Arreguin's probation in both cases based on separate, albeit identical, VOPs filed in each case. The VOPs requested revocation based on conduct that took place on January 15, 2021, for which Arreguin was arrested that same day. [5]

Arreguin moved to dismiss solely the VOP filed in the human trafficking case on the basis he had served over two years on probation

---

[5] The Probation Department's request that the court summarily revoke probation was based on the following: "New law violation: . . . On 1/15/21, officers responded to a report of a suspicious vehicle. The defendant was located asleep in the driver's seat of the vehicle, with the engine on. They noted a bottle of tequila in the front passenger seat. When Arreguin woke and noticed the officers, he began to drive away, but stopped the car when asked. Officer[s] observed he was holding a gas pipe, commonly [used to] smoke methamphetamines. Additionally, his speech was slurred, he was unsteady on his feet, and he smelled of alcohol. Located in the defendant's pocket was suspected methamphetamine, and metal knuckles. He was arrested for misdemeanor violation of Section 11364(a) H&S, and felony violation of Section 21810 PC, and 1203.2 PC. [¶] Violation of probation: **Failed to be of good conduct and obey all laws**: See above. **Possession of a controlled substance/associated paraphernalia**: See above. **Possession of a weapon**: See above. **Use/possession of alcohol**: See above. [¶] Other: In December 2020, the defendant contacted Probation and reported he had relapsed and used cocaine and marijuana. He was referred to the Day Reporting Center for outpatient services. He was subsequently arrested for the current alleged violation of probation. The defendant has been on probation for over four years. At this point, we believe he has exhausted all resources. Should he admit the violation, we respectfully recommend the defendant be remanded, and the suspended prison sentence be imposed." (Bolding in original.)

for that offense and probation was terminated by retroactive application of AB 1950. The court denied the motion to dismiss, held a contested hearing, and found Arreguin had committed the conduct underlying his January 15, 2021 arrest. The court specifically found Arreguin violated the following terms of his probation: failing to be of good conduct and obeying all laws; possessing drug paraphernalia and a weapon; and possessing and using alcohol. On May 19, 2021, the court formally revoked probation in both cases and directed the execution of the previously suspended aggregate sentence of six years.

Arreguin's timely appeal ensued.

## DISCUSSION

Arreguin seeks reversal and remand for further proceedings in both cases based on his contention that the trial court erred in denying his motion to dismiss the January 27, 2021 VOP filed in the human trafficking case. We agree. Since, by operation of law, Arreguin could not be on probation in the human trafficking case at the time the January 27, 2021 VOP was filed, and the court revoked his probation based on conduct that took place on January 15, 2021 (when he was not on probation), we shall reverse and remand for further proceedings.

We begin our discussion by noting that at the 2016 sentencing the trial court was required to calculate an aggregate term of imprisonment for both offenses, exercised its authority to suspend execution of the aggregate term of imprisonment, and placed Arreguin on probation in both cases for an initial period of 60 months, which resulted in nonfinal judgments in both cases. [6] While Arreguin was

---

[6] As explained by our high court, "[i]n the case where the court suspends execution of sentence, the sentence constitutes 'a judgment provisional or conditional in nature.' [Citation]. The finality of the

6

serving his probation in both cases, the Legislature enacted AB 1950, effective January 1, 2021, which significantly changed the law governing probation. "As explained in the Legislative Counsel's Digest, whereas previous law had authorized courts to grant a period of probation 'not exceeding the maximum term for which the person could be imprisoned,' [AB 1950] instead 'authorize[s] a court to impose a term of probation not longer than 2 years, except as [otherwise] specified.' [Citations.] This change in the law bars the imposition of more than two years of probation for a felony offense unless the offense is a violent felony listed in section 667.5, subdivision (c), or is subject to a specific probation length, or is specifically excluded from the statute's two year-limit. (§ 1203.1, former subds. (a), (m), added by Stats. 2020, ch. 328, § 2, now subds. (a), (*l*).)" (*People v. Faial* (2022) 75 Cal.App.5th 738, 743, fn. omitted (*Faial*), petn. for review granted May 18, 2022, S273840 [7].)

---

sentence 'depends on the outcome of the probationary proceeding' and 'is not a final judgment' at the imposition of sentence and order to probation. [Citation.] Instead of a final judgment, the grant of probation opens the door to two separate phases for the probationer: the period of probation and the time thereafter." (*People v. Chavez* (2018) 4 Cal.5th 771, 781.)

[7]    In granting review in *Faial*, our high court noted that "[p]ending review, the opinion of the Court of Appeal, which is currently published at 75 Cal.App.5th 738, may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456, to choose between sides of any such conflict. (See Standing Order Exercising Authority Under California Rules of Court, Rule 8.1115(e)(3), Upon Grant of Review or Transfer of a Matter with an Underlying Published Court of Appeal Opinion, Administrative Order 2021-04-21; Cal. Rules of Court, rule 8.1115(e)(3) and

We conclude (as have all other appellate courts so far) that AB 1950 "applies retroactively to defendants who were serving a term of probation when the legislation became effective on January 1, 2021; in such cases, the courts have acted to reduce the length of their probation terms." (*Faial, supra,* 75 Cal.App.5th at p. 743 [cases cited therein]; see *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 732 (*Kuhnel*), petn. for review granted June 1, 2022, S274000 [8]; *People v. Butler* (2022) 75 Cal.App.5th 216, 220–221, petn. for review granted June 1, 2020, S273773 [9].)

While the cases enumerate various reasons for the retroactive application of AB 1950, we conclude, as have other courts, that retroactive application is supported by the *Estrada* presumption (*In re Estrada, supra,* 63 Cal.2d 740 (*Estrada*).) In *Estrada,* our high court held that when new legislation reduces the punishment for an offense, we presume the legislation applies to all cases not yet final as of the legislation's effective date. (*Id.* at p. 744.)

---

corresponding Comment, par. 2.)" (*Faial, supra*, 75 Cal.App.5th 738, review granted May 18, 2021, S273840.)

[8] In granting review in *Kuhnel*, our high court ordered briefing deferred pending consideration and disposition of a related issue in *People v. Faial*, S273840. (*Kuhnel, supra*, 75 Cal.App.5th 726, pet. for review granted June 1, 2022, S274000.)

[9] In granting review in *Butler*, our high court ordered briefing deferred pending consideration and disposition of related issues in *People v. Faial*, S273840 and *People v. Prudholme*, S271057 which latter case presents the following issues: (1) whether Assembly Bill No. 1950 (Stats. 2020, ch. 328) applies retroactively under *In re Estrada* (1965) 63 Cal.2d 740; and (2) if so, whether the remand procedure of *People v. Stamps* (2020) 9 Cal.5th 685 applies. (*Butler, supra*, 75 Cal.App.5th 216, pet. for review granted June 1, 2022, S273773.)

8

In so concluding, our high court reasoned that in the absence of a legislative declaration as to whether an old law or a new law should apply, "[w]hen the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada*, *supra*, at p. 745.) "*Estrada* thus . . . stand[s] for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675 (*Esquivel*).) [10]

Here, Arreguin had already served more than two years of probation for the human trafficking case when AB 1950 became

_____

[10]     Because we agree with those courts that have held AB 1950 is to be applied retroactively based on the *Estrada* presumption, we do not address the discussion in *People v. Quinn* (2021) 59 Cal.App.5th 874 (*Quinn*), in which that court also concluded that even if the *Estrada* presumption did not apply, it is clear from extrinsic sources that the Legislature intended AB 1950 to apply retroactively. (*Id*. at pp. 883–885.)

9

effective on January 1, 2021. Because there was no outstanding order summarily revoking his probation as of that date, the conclusion is inescapable that AB 1950 operated to terminate his probation for the human trafficking case. (See *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 773 [" '[a]n order revoking probation must be made within the period of time circumscribed in the order for probation;' " " '[o]therwise, the probationary period terminates automatically on the last day,' " italics omitted]; *People v. Smith* (1970) 12 Cal.App.3d 621, 625 [accord; citing to § 1203.3 and *People v. Williams* (1944) 24 Cal.2d 848, 852].) Consequently, the trial court had no jurisdiction to summarily revoke probation based on the January 27, 2021 VOP filed in the human trafficking case, and therefore Arreguin's motion to dismiss that VOP should have been granted.

Our retroactive application of AB 1950 to the grant of probation in the human trafficking case is supported by *People v. Saxton* (2021) 68 Cal.App.5th 428, 431 (*Saxton*). In *Saxton*, the defendant was convicted of a nonexempt felony subject to AB 1950's two-year probation term limitation and a misdemeanor exempt from AB 1950's probation term limitation and subject to a mandatory statutory term of three years. (68 Cal.App.5th at pp. 431, 432.) The trial court suspended imposition of sentence and ordered three years of formal probation, with the specification that "any probation violation that occurs during those three years can carry felony punishment consequences." (*Id*. at p. 431.) The appellate court concluded the trial court's statement of the consequences of a violation of probation was in error, and directed the trial court to modify its order of probation to specify that "(1) Saxton can face felony punishment consequences for a

10

probation violation only during the first two years of her probationary term, and (2) any probation violation that occurs during the third year of Saxton's probationary term can carry only misdemeanor consequences." (*Id*. at p. 433.) In so concluding, the *Saxton* court explained:

> "The plain meaning of [AB 1950] is clear, and permits a trial court to order a defendant to serve three years of formal probation where, as here, the judgment includes a misdemeanor conviction for driving under the influence. One of the exemptions from the probation term limits codified in section 1203a is set forth in Vehicle Code section 23600, subdivision (b)(1). . . . [¶] Saxton was also convicted of willfully evading a police officer, a felony for which [AB 1950] imposes a two-year limit on probation. But a trial court must make a probation suitability determination based on the case as a whole, not discrete convictions. [Citation.] And Saxton's case is a 'felony case' since it involves both a felony and a misdemeanor. [Citation.] Informal probation is not allowed in felony cases. [Citations.] The trial court thus did not err when it ordered Saxton to serve a term of formal probation for the three years required by Vehicle Code section 23600. [Citation.] [¶] But the court did err when it said that Saxton could suffer felony punishment consequences if she successfully completes the first two years of probation and violates probation during the third year of her probationary term. . . . [T]he only offenses exempt from the two-year felony probation term limit set forth in section 1203.1 are felonies listed in subdivision (c) of section 667.5, felonies that include specific probation terms within their provisions, and ' " 'white collar crimes' " ' involving property valued in excess of $25,000. [Citation.] Saxton committed none of these offenses. It would thus be counter to the Legislature's purpose in enacting [AB 1950] if Saxton were to face felony consequences for any probation violation that occurs after she successfully completes two years of probation. (Cf. *Quinn*, *supra*, 59 Cal.App.5th at p. 880 [purpose of [AB 1950] is to ' " 'reduc[e] the number of people on probation returning to incarceration' " '].)" (*Saxton, supra*, at pp. 432–433.)

11

Concededly, *Saxton* is procedurally distinguishable from the case before us as Saxton was seeking the benefit of the new law on direct appeal of her placement on probation after imposition of her sentence was suspended, while Arreguin seeks the benefit of the new law during his probation after execution of his sentence was suspended. But similar to the defendant in *Saxton*, Arreguin was subject to probation for both a nonexempt offense and an exempt offense at the time of the effective date of AB 1950. Under these circumstances, we see no "persuasive reason to presume" that the Legislature would wish to extend the benefit of the new law to a defendant such as Saxton, but not extend the benefit of the new law to a defendant such as Arreguin. (See *Esquivel*, *supra*, 11 Cal.5th at p. 680 [ameliorative legislation presumptively applied to "all cases not yet final," including cases in which defendants were placed on probation with imposition of sentence suspended and cases in which defendants were placed on probation with execution of an imposed state prison sentence suspended].)

Citing to our decisions in *Faial*, *supra*, 75 Cal.App.5th 738, and *Kuhnel*, *supra*, 75 Cal.App.5th 726, the Attorney General asserts the trial court retained jurisdiction to adjudicate the VOP filed in the human trafficking case because Arreguin's probation violative conduct "began and was documented in December 2020," before AB 1950 became effective, and the court's January 27, 2021 summary revocation was "still within even the hypothetical shortened probationary period which had been tolled" by the earlier summary revocation and later reinstatement to probation that occurred in 2019. This argument lacks a factual basis as the record shows the January 27, 2021 VOP was predicated only on Arreguin's conduct underlying his January 15, 2021

12

arrest, and not his conduct of self-reporting a relapse and referral for treatment in December 2020. Additionally, at the probation violation hearing the trial court explicitly found Arreguin had violated probation based solely on conduct occurring after his probation for the human trafficking offense had terminated pursuant to AB 1950.

Moreover, we find unavailing the Attorney General's reliance on our decisions in *Faial*, *supra*, 75 Cal.App.5th 738, and *Kuhnel*, *supra*, 75 Cal.App.5th 726, cases in which retroactive application of AB 1950 provided those defendants no relief. *Faial* held that the defendant – a former probationer who was serving an executed sentence when AB 1950 became effective – was not entitled to relief under the new law because the trial court had properly revoked and terminated his probation before the law's effective date. (*Faial*, *supra*, at pp. 743–746.) Similarly, *Kuhnel* held that the defendant was not entitled to relief under AB 1950 because the trial court had adjudicated a violation allegedly committed during the defendant's first year of probation, which resulted in the court summarily revoking her probation early in the second year, with all events occurring "well before the effective date" of the new law – indeed, "before the law was even introduced in the Legislature." (*Kuhnel*, *supra*, at p. 735.) The factual circumstances in both cases are clearly distinguishable from Arreguin's situation: as of the effective date of AB 1950, Arreguin was on active probation for the human trafficking offense, he had served more than two years on probation for that offense, and there was no outstanding order summarily revoking his probation.

The Attorney General also contends Arreguin cannot benefit from the retroactive application of AB 1950 because he "was serving a single

probation term which could not be reduced to two years because it related to a crime of violence," and AB 1950 "does not retroactively affect consolidated felony probation terms based on one or more violent felony convictions." In support of this argument, the Attorney General asserts that though the trial court described the grant of probation as two concurrent terms it must be deemed to be a single period of probation under our decision in *People v. Cole* (2020) 50 Cal.App.5th 715 (*Cole*). We see no merit to the argument.

In *Cole, supra*, 50 Cal.App.5th 715, we were asked to clarify the length of Cole's term of probation for his convictions of domestic violence with a special allegation of infliction of great bodily injury (count two) and second degree robbery (count four) in the same case. (*Id.* at pp. 718–719.) "At the sentencing hearing the court suspended imposition of judgment for each count, [and] placed Cole on three-year grants of probation for each count . . . . The court explained, 'you are essentially on two different grants of probation and both these are to be concurrent with one another.' The minute order reflects what appears to be separate grants of probation for counts two and four." (*Id.* at p. 719.) We concluded the judgment should be modified to clarify that Cole's probation is "a single grant subject to the terms and conditions specified in the order pertaining to the individual offenses." (*Ibid.*) We explained as follows:

> "The Attorney General agrees with Cole's position that he is subject to a single grant of felony probation based on the suspended imposition of his aggregate sentence, rather than separate grants of probation for each of the two discrete offenses. The question appears to be a novel one, but under the present circumstances we believe the parties are correct. As the Attorney General observes, our sentencing laws calculate an aggregate term based on the relationship between offenses. (§ 1170.1, subd.

14

(a); see Cal. Rules of Court, rule 4.452(a)(1) ['[t]he sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case'].)  Subject to certain exceptions, section 1203.1, subdivision (a) provides for a felony probation term based on 'the maximum possible term of *the sentence*' (italics added), at least impliedly referring to the aggregate term rather than the term imposed on a particular offense.  While the question is theoretical here because the court imposed the two probationary terms concurrently, we therefore agree with the parties' request to clarify that Cole is subject to a single three-year term of probation." (*Cole*, *supra*, at p. 719, fn. omitted.)

Our decision in *Cole* must be read in light of its specific factual context – whether Cole was subject to a single period of probation where the court stated he was subject to concurrent terms of probation for two distinct offenses in the same case.  While we noted the question appeared to be "a novel one" (50 Cal.App.5th at p. 719), our clarification of the judgment finds support in established law that for purposes of determining the maximum term of probation for multiple counts in a single case, courts have treated probation as a single period, thus precluding a series of "separate and consecutive" terms of probation. (See, e.g., *Fayad v. Superior Court* (1957) 153 Cal.App.2d 79, 84; *People v. Blume* (1960) 183 Cal.App.2d 474, 482.)

More significantly, the predicate for our decision in *Cole* – the sentencing laws governing aggregate terms as applied to the fixing of the term of probation for multiple counts in a single case – is not implicated in the case before us.  Instead, we are here concerned with the retroactive applicability of AB 1950 to the probation that Arreguin was serving in both cases on the effective date of the new law.  "[T]he *Estrada* presumption remains available" to extend the benefits of

15

AB 1950's ameliorative revisions to Arreguin's term of probation for the human trafficking offense. (*Esquivel, supra,* 11 Cal.5th at p. 680.) The fact that AB 1950 does not shorten the term of probation for the robbery offense does not preclude applying the new law to the term of probation for the human trafficking offense. To conclude otherwise, and find that Arreguin was "to face any consequences" for the January 27, 2021 VOP filed after the termination of his probation for the human trafficking offense "would . . . be counter to the Legislature's purpose in enacting [AB 1950]" (*Saxton, supra,* 68 Cal.App.5th at p. 433), which is to limit probation to two years " 'now deemed to be sufficient. . . to every case to which it constitutionally could apply' " (*Quinn, supra,* 59 Cal.App.5th at p. 883).

In sum, we conclude the trial court erred in denying the motion to dismiss the January 27, 2021 VOP filed in the human trafficking case as Arreguin's term of probation for that offense had terminated as of January 1, 2021 by retroactive operation of AB 1950. While the trial court lost jurisdiction to adjudicate the VOP filed in the human trafficking case, the court retained jurisdiction to adjudicate the VOP filed in the robbery case. Accordingly, we reverse the May 19, 2021 aggregate sentence of six years and remand to the trial court with directions to vacate its order denying the motion to dismiss the VOP filed in the human trafficking case, enter a new order granting the motion to dismiss the VOP in the human trafficking case, and conduct further proceedings in both cases consistent with this opinion. [11]

---

[11]     In light of our determination, we do not address the parties' other contentions.

16

## DISPOSITION

In case No. SCR678994-1, the May 19, 2021 sentence is reversed, and we remand the case to the trial court with directions to conduct further proceedings consistent with this opinion.

In case No. SCR681736-2, the May 19, 2021 sentence is reversed, and we remand the case to the trial court with directions to vacate the denial of the motion to dismiss the violation of probation, enter a new order granting the motion to dismiss the violation of probation, and conduct further proceedings consistent with this opinion.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.


_People v. Arreguin/A162718_

18

Trial Court:        Sonoma County Superior Court

Trial Judge:        Hon. Robert LaForge

Counsel:            Office of Attorney General, Rob Bonta, Attorney
                    General, Lance E. Winters, Chief Assistant Attorney
                    General, Jeffrey M. Laurence, Senior Assistant
                    Attorney General, Catherine R. Rivlin, Supervising
                    Deputy Attorney General, Allen R. Crown, Deputy
                    Attorney General, for Plaintiff and Respondent.

                    First District Appellate Project, Megan Hailey-
                    Dunsheath; Law Office of Randall Conner, Randall
                    Conner, for Defendant and Appellant.